## FIFTH CAUSE OF ACTION

34. Deny or admit to the same extent as plaintiff realleges each and every allegation as set forth in paragraph "97" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Complaint designated "98", "99" and "104".

36. Deny the allegations contained in the paragraph of the Complaint designated "100", except admit the transfer by the Smul Trust to CS-Graces of the Smul Trust membership interest in RH Lodging.

37. Deny the allegations contained in the paragraph of the Complaint designated "101", except admit that RH Lodging operates a motel facility in Rock Hill, New York.

38. Deny each and every allegation contained in the paragraphs of the Complaint designated "102" and "105".

39. Admit each and every allegation contained in the paragraph of the Complaint designated "103".

## SIXTH CAUSE OF ACTION

40. Deny or admit to the same extent as plaintiff realleges each and every allegation as set forth in paragraph "106" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Complaint designated "107", "108", "109" and "112".

42. Deny the allegations contained in the paragraph of the Complaint designated "110", except admit that RH Lodging is the operator of a motel located in Rock Hill, New York.

43. Deny each and every allegation contained in the paragraphs of the Complaint designated "111" and "113".

### SEVENTH CAUSE OF ACTION

44. Deny or admit to the same extent as plaintiff realleges each and every allegation as set forth in paragraph "114" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Complaint designated "115", "116", "119", "121" and "122".

46. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the Complaint designated "117", except admit the conveyance of the Smul trust interest in RH Lodging to CS-Graces.

47. Deny the allegations contained in the paragraph of the Complaint designated "118", and deny knowledge or information sufficient to form a belief as to the purported Smul Trust guarantee of $1,000,000.00 loan from Greenstreet to Friedberg.

48. Deny the allegations contained in the paragraph of the Complaint designated "120" insofar as Friedberg filing of a petition in bankruptcy at the time of the transfer of the Smul Trust interest in RH Lodging to CS-Graces, and otherwise deny knowledge or information sufficient to form a belief as to the remaining portions of said paragraph.

### AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

49. Plaintiff claims that on December 22, 2004, Alan Friedberg and plaintiff entered into a loan agreement in which Greenstreet agreed to lend $1,000,000.00 to Friedberg.

50. Plaintiff claims that its loan to Friedberg was guaranteed by the Smul Trust.

51. Plaintiff claims that its loan was secured by a commercial security agreement between itself and the Smul Trust in which the Smul Trust's 50% membership interest in RH Lodging was security for the aforesaid loan and guarantee.

52. Plaintiff claims a breach by Friedberg and the Smul Trust of the aforesaid loan agreement and guarantee.

53. That neither Friedberg nor the Smul Trust are parties to this action.

54. That upon information and belief, each of said parties, Alan Friedberg and the Smul Trust, are necessary parties to this action.

### AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

55. Upon information and belief, plaintiff claims a 24.5% default interest on the Friedberg loan and Smul Trust guarantee.

56. That upon information and belief, said interest rate, as against Alan Friedberg, is usurious.

### AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

57. That RH Lodging is a New York limited liability company with its principal office and place of business in Rock Hill, Sullivan County, New York.

58. That RH Lodging is the operator of a motel located in Rock Hill, Sullivan County, New York.

59. That, upon information and belief, the plaintiff failed to file a notice of its security agreement with the Sullivan County Clerk.

60. That, upon the foregoing, the defendants had no notice of plaintiff's claimed security interest in the Smul Trust membership interest in RH Lodging.

61. That any security interest claimed by Plaintiff in the membership interest of the Smul Trust in RH Lodging is subordinate to the interests of CS-Graces.

### AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

61. Section 607 "Rights of Creditors of Members" of New York Limited Liability Company Law provides: -

> "(a) On application to a court of competent jurisdiction by any judgement creditor of a member, the court may charge the membership interest of the member with payment of the unsatisfied amount of the judgement with interest. To the extent so charged, the judgement creditor has only the rights of an assignee of the membership interest. This chapter does not deprive any member of the benefit of any exemption laws applicable to his or her membership interest.
> (b) No creditor of a member shall have any right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company."

62. Section 604 "Rights of Assignee to Become a Member" of the New York State Limited Liability Company Law provides: -

> "(a) Except as provided in the operating agreement, an assignee of a membership interest may not become a member without the vote or written consent of at least a majority in interest of the members, other than the member who assigned or proposes to assign such membership interest."

63. Thus, if plaintiff is successful in its claim that it has a judgment or is an assignee of Friedberg or the Smul Trust, which has priority over any claims of defendants, plaintiff will have no rights as a "member" of RH Lodging, either in the form of management, possession of the premises operated by RH Lodging, its personal property, except upon a sale or distribution.

WHEREFORE, defendants respectfully pray for judgment dismissing the Complaint, together with the costs and disbursements of this action and for such other and further relief as to the Court may seem just and proper under the circumstances.

Dated:   Woodbourne, New York
         October 29, 2007

KALTER, KAPLAN, ZEIGER & FORMAN

By: _____
Ivan Kalter, Esq. (IK 4062)
Attorneys for Defendants
Office and P.O. Address
6166 State Route 42 - P.O. Box 30
Woodbourne, New York 12788
Telephone: (845) 434-4777
Facsimile: (845) 436-8156
Email: ivankalter-kkz@hvc.rr.com

TO:

KILPATRICK & LOCKHART PRESTON
GAGES ELLIS, LLP
Attorneys for Plaintiff

KALTER, KAPLAN
ZEIGER & FORMAN
ATTORNEYS AT LAW
WOODBOURNE, N.Y. 12788

Office and P.O. Address
599 Lexington Avenue
New York, New York 10022
(212) 536-3900

KALTER, KAPLAN
ZEIGER & FORMAN
ATTORNEYS AT LAW
WOODBOURNE, N.Y. 12788