UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GREENSTREET FINANCIAL, L.P., a            07 CIV 8005
Delaware Limited Partnership,                   Judge Sullivan

                      Plaintiff,

                                      THIRD-PARTY COMPLAINT

    -against-

CS-GRACES, LLC, a New York Limited
Liability Company, and
RH LODGING SERVICES, LLC, a New
York Limited Liability Company,

                      Defendants.
------------------------------------------------------X
------------------------------------------------------X
CS-GRACES, LLC and
RH LODGING SERVICES, LLC,

                      Third-Party Plaintiffs,

    -against-

SHERYL SMUL, SHERYL SMUL
GRANTOR ANNUITY TRUST and
ALAN G. FRIEDBERG,

                      Third-Party Defendants.
------------------------------------------------------X

## PARTIES

1. At all the times herein mentioned, defendant/third-party plaintiff, CS-Graces, LLC ("CS-Graces") was and still is a limited liability company organized and existing

pursuant to the laws of the State of New York with its principal office and place of business at P.O. Box 495, Ellenville, Ulster County, New York.

2. At all the times herein mentioned, defendant/third-party plaintiff, RH Lodging Services, LLC ("RH Lodging") was and still is a limited liability company organized and existing pursuant to the laws of the State of New York with its principal office and place of business at 283 Rock Hill Drive, Rock Hill, Sullivan County, New York.

3. That upon information and belief, third-party defendant, Sheryl Smul ("Smul"), resides at 12351 NW 2nd Street, Plantation, Florida 33325.

4. That upon information and belief, at all the times herein mentioned, the third-party defendant, Sheryl Smul Grantor Annuity Trust ("Smul Trust"), was formed in the State of Florida with its principal office and place of business at 12351 NW 2nd Street, Plantation, Florida 33325 and that, upon information and belief, the third-party defendant, Sheryl Smul, is its sole trustee.

5. That upon information and belief, the third-party defendant, Alan G. Friedberg ("Friedberg"), resides at 926 Fifth Avenue, New York, New York 10021.

JURISDICTION

6. CS-Graces is a New York limited liability company.

7. RH Lodging is a New York limited liability company.

8. Upon information and belief, Smul resides at 12351 NW 2nd Street, Plantation, Florida 33325.

9. Upon information and belief, the Smul Trust has its principal office and place of business at 12351 NW 2nd Street, Plantation, Florida 33325.

10. Upon information and belief, Friedberg resides at 926 Fifth Avenue, New York, New York 10021.

11. Jurisdiction exists under 28 U.S.C. §1332, 28 USC §1367 and Rule 14 of the Federal Rules of Civil Practice.

12. The amount in controversy exceeds $75,000.00 in monetary damages.

## VENUE

13. RH Lodging has its principal office and place of business in Sullivan County, New York, within the District.

14. That the events giving rise to third-party plaintiffs' claims against the third-party defendants took place in Sullivan County, New York - the Judicial District.

15. Venue is proper under 28 U.S.C. §1391(a)(1) and (2).

## BACKGROUND

16. RH Lodging is the operator of a motel in Rock Hill, Sullivan County, New York.

17. The Smul Trust, upon information and belief, was organized or formed on or about January 1, 1997.

18. The sole trustee of the Smul Trust, upon information and belief, is Sheryl Smul.

19. Friedberg, upon information and belief, is the brother of Sheryl Smul.

20. Upon information and belief, Friedberg is an income or principal beneficiary of the Smul Trust.

21. Until January 30, 2006, Friedberg was sole or joint manager with others of RH Lodging.

22. Upon information and belief, at all the times herein mentioned, Sheryl Smul, and the Smul Trust acted on behalf of Friedberg.

23. That at all the times herein mentioned, Sheryl Smul, the Smul Trust and Friedberg's interests were indistinguishable.

24. Upon information and belief, at all the times herein mentioned, Sheryl Smul and the Smul Trust acted as a "strawman" for Friedberg.

25. That, upon information and belief, at all the times herein mentioned, the third-party defendants, Sheryl Smul, Smul Trust and Friedberg, were acting in concert.

26. CS-Graces is a real estate investment company.

27. Joseph Tso is a member of CS-Graces, as are his wife and two children.

28. Upon information and belief, when RH Lodging was formed, the Smul Trust was its sole member.

29. There came a point in time where the Smul Trust, in its operation of RH Lodging, was in need of financing.

KALTER, KAPLAN
ZEIGER & FORMAN
ATTORNEYS AT LAW
WOODBOURNE, N.Y. 12788

30. That CS-Graces provided an infusion of cash to RH Lodging and, in consideration, became a member of RH Lodging with it and the Smul Trust each having a 50% membership interest.

31. On or about January 30, 2006, the Smul Trust conveyed its 50% membership interest in RH Lodging to CS-Graces, which became the sole member of RH Lodging.

32. The transfer of Smul Trust's interest in RH Lodging to CS-Graces was memorialized in an agreement dated January 30, 2006, which is annexed as Exhibit "A" and made a part hereof.

33. That the consideration for the transfer of the Smul Trust's interest in RH Lodging to CS-Graces was the cancellation of all debts, liabilities and obligations of the Smul Trust and/or Alan G. Friedberg to CS-Graces, Joseph Tso, Lana Tso and RH Lodging of the following: -

    a. Note dated December 31, 2003 from Alan G. Friedberg to Joseph Tso in the principal amount of $1,300,000.00, which were borrowed by Friedberg on behalf of the Smul Trust.

    b. Obligations of Alan G. Friedberg and/or the Smul Trust to RH Lodging and/or Joseph Tso for approximately $50,000.00.

    c. Obligation of Alan G. Friedberg and/or the Smul Trust to C-S Graces and/or Joseph Tso for interest, charges and/or fees due on a $1,300,000.00 debt from the First National Bank of Jeffersonville.

    d. Hotel charges of the Smul Trust and/or Alan G. Friedberg to RH Lodging, CS-Graces and members of CS-Graces.

    e. Removal of Friedberg as a guarantor of a loan from the First National Bank of Jeffersonville to D&N Management Corp. and/or Joseph Tso in the amount of $1,300,000.00 dated December 29, 2003.

    f. Cancellation of a security agreement dated November 17, 2003 between Friedberg and the Smul Trust and Joseph and Lana Tso, as secured parties, pursuant to which the Smul Trust's 50% interest in RH Lodging had been pledged to Joseph and Lana Tso.

    g. Removal of Friedberg as a guarantor of a loan from Hudson United Bank to RH Lodging in the original principal amount of $4,425,000.00.

    h. Hold harmless of the Smul Trust and Friedberg of a mechanic's lien filed by Boris Shalman, Inc. in the amount of $34,099.22.

    i. Hold harmless of the Smul Trust and Friedberg of a mechanic's lien filed by Milliken & Company in the amount of $23,587.08.

    j. Hold Friedberg and the Smul Trust free and harmless of liabilities applicable to the First National Bank of Jeffersonville and the Hudson United Bank loans.

    34. That the plaintiff, Greenstreet Financial, L.P. ("Greenstreet"), claims the following: -

KALTER, KAPLAN
ZEIGER & FORMAN
ATTORNEYS AT LAW
WOODBOURNE, N.Y. 12788

a. On December 22, 2004, Alan Friedberg and Greenstreet entered into a loan agreement (the "loan agreement"), under which Greenstreet agreed to lend $1,000,000.00 to Friedberg (the "loan transaction").

b. On the same date, Friedberg executed a Note in favor of Greenstreet for the principal amount of $1,000,000.00.

c. The Greenstreet loan transaction was guaranteed by the Smul Trust pursuant to a Guaranty.

d. The Greenstreet loan transaction was secured by a commercial security agreement dated December 22, 2004, and entered into by Smul as a trustee of the Smul Trust and Greenstreet as lender (the "Smul Security Agreement").

e. Pursuant to the Smul Security Agreement, Ms. Smul, as Trustee of the Smul Trust, granted to Greenstreet a security interest in, among other property of the Trust, the following collateral: (1) the Smul Trust's 50% membership interest in RH Lodging ("the Smul LLC Interest"); and (2) all of the Smul Trust's interest in a certain note receivable of Peck/Jones Contractors, Inc. The Smul Security Agreement provides that the Smul Trust was not to "sell, offer to sell, consign or otherwise transfer or dispose of the collateral."

f. In connection with its pledge of collateral under the Smul Security Agreement, the Smul Trust delivered to Greenstreet an original membership certificate in RH Lodging certifying the Smul Trust's 50% membership interest in RH Lodging