("Original Certificate No. 2").

    g. On January 14, 2005, Friedberg, in his capacity as manager of RH Lodging and with apparent authority as such, acknowledged and certified that the Smul Trust delivered original Certificate No. 2 to Greenstreet.

    h. Greenstreet continues to hold physical possession of Original Certificate No. 2 in its office in Florida.

    i. The Note provides that the maturity date of the Note will be the earlier of (i) the closing of the sale by Friedberg of the Leashold interst in the residence located at 926 Fifth Avenue, New York, New York 10021; (ii) the sale or transfer of the Collateral as defined in the Friedberg Security Agreement; or (iii) December 31, 2005.

    j. The closing of the sale of the Leasehold interest in the residence located at 926 Fifth Avenue, New York, New York 10021 occurred on October 12, 2005, thus triggering the maturity date of the Note. Friedberg defaulted on the Note, as he failed to pay the full amount due under the Note on October 12, 2006 (the "default date") or any time thereafter.

    k. As of the default date, the remaining balance on the $1,000,000.00 loan from Greenstreet to Friedberg was $500,000.00 of principal.

    l. Greenstreet claims that as of September 10, 2007, it is owed by Friedberg and the Smul Trust principal, interest, penalties, attorneys fees and default interest in the amount of $753,512.92, and that interest and legal fees continue to accrue.

KALTER, KAPLAN
ZEIGER & FORMAN
ATTORNEYS AT LAW
WOODBOURNE, N.Y. 12788

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH
## OF CONTRACT AGAINST ALL THIRD-PARTY DEFENDANTS

35. Third-party plaintiffs herein repeat, reiterate and reallege each and every allegation contained in the paragraphs of this Third-Party Complaint designated "1" through "34" inclusive with the same force and effect as if fully set forth herein.

36. That the agreement between the Smul Trust and CS-Graces dated January 30, 2006 provides, among other things: -

> "WHEREAS, the Smul Trust is desirous of selling and assigning all of its membership interest in and to the company to CS-Graces, for the consideration and upon the terms and provisions as hereinafter provided; and
>
> WHEREAS, CS-Graces is desirous of purchasing and having assigned to it all of the membership interest in the Smul Trust in and to the company, for the consideration and upon the terms and conditions hereafter provided."

37. That paragraph "1" of the aforesaid agreement provides "All of the aforementioned "WHEREAS" clauses are incorporated into and made a part of this Agreement, and each of the recitals and agreements therein set forth are agreed to by the parties."

38. That the purpose of the aforesaid January 30, 2006 agreement was, in consideration of the cancellation of outstanding obligations to CS-Graces, the indemnifications with respect to guarantees and other considerations outlined therein, that CS-Graces would have a 100% unencumbered membership interest in RH Lodging.

39. That the obvious intendment and purpose of said agreement was that the Smul Trust membership interest in RH Lodging was free, clear and unencumbered.

KALTER, KAPLAN
ZEIGER & FORMAN
ATTORNEYS AT LAW
WOODBOURNE, N.Y. 12788

40. That the third-party plaintiffs have performed all of the acts on their part to be performed pursuant to the aforesaid January 30, 2006 agreement.

41. That in the event the membership interest of the Smul Trust is secured as claimed by Greenstreet, with a priority over the interests of the third-party plaintiffs, then the third-party defendants have breached the terms and provisions of the agreement of January 30, 2006 on their part to be performed.

42. That in the event it is determined that Greenstreet's claim against the Smul Trust is valid and a priority against the interests of the third-party plaintiffs, then the third-party plaintiffs have sustained damages in an amount not yet determined but in excess of $200,000.00.

AS AND FOR SECOND CAUSE OF ACTION
ON BEHALF OF THIRD-PARTY PLAINTIFFS
<u>ON THE GROUNDS OF FRAUD</u>

43. Third-party plaintiffs herein repeat, reiterate and reallege each and every allegation contained in the paragraphs of this Third-Party Complaint designated "1" through "42" inclusive with the same force and effect as if fully set forth herein.

44. That Friedberg, acting on his own behalf, the Smul Trust and Sheryl Smul, represented to the third-party plaintiffs that the membership interest of the Smul Trust in RH Lodging was free and clear of any liens and encumbrances.

45. That the import of the agreement between the Smul Trust, RH Lodging and CS-Graces dated January 30, 2006, interpreted as a whole, provided for the transfer of the entire unencumbered interest of the Smul Trust in RH Lodging to CS-Graces.

46. That upon information and belief, the aforesaid representations made by Friedberg on behalf of himself and the Smul Trust and Sheryl Smul were false and untrue.

47. That upon information and belief, Friedberg, the Smul Trust and Sheryl Smul knew said representations to be untrue and false.

48. That the third-party plaintiffs relied upon the false and untrue statements of the third-party defendants.

49. That upon relying upon the aforesaid false and untrue representations of the third-party defendants, the third-party plaintiffs entered into the aforesaid agreement of January 30, 2006 and performed the obligations on their part to be performed.

50. That by reason of the foregoing, the third-party plaintiffs have been damaged in an amount not known for certain at this time, but believed to be in excess of $200,000.00.

WHEREFORE, the third-party plaintiffs respectfully pray for judgment against the third-party defendants as follows

a. First Cause of Action - Damages in an amount to be determined, but in excess of $200,000.00, costs and disbursements.

b. Second Cause of Action - Compensatory Damages in an amount to be determined but in excess of $200,000.00, punitive damages, costs and disbursements.

Dated:   Woodbourne, New York
October 30, 2007

KALTER, KAPLAN, ZEIGER & FORMAN

By: _____
Ivan Kalter, Esq. (IK 4062)
Attorneys for Defendants/Third-Party Plaintiffs
Office and P.O. Address
6166 State Route 42 - P.O. Box 30
Woodbourne, New York 12788
Telephone: (845) 434-4777
Facsimile: (845) 436-8156
Email: ivankalter-kkz@hvc.rr.com