9. Alan G. Friedberg hereby expressly agrees as follows:

(a) that he will prepare (or cause to be prepared), assist in the preparation (if required), and cause to be filed the 2005 Federal and State Tax Returns of the Company, prior to the expiration of any extensions of time to do so, the cost to prepare and file same being borne by the Company;

(b) that he shall remove all of his personal property and affects, as set forth in Schedule "F" annexed hereto, within thirty (30) days after the effective date of this Agreement;

(c) that he shall cause to be turned over to CS-Graces any and all corporate books and records of the Company in his possession or in the possession of the Smul Trust, simultaneously with his execution of this Agreement.

10. This Agreement is binding upon the heirs, personal representatives, successors, transferees and assigns of the parties hereto.

11. This Agreement contains the entire understanding and agreement of the parties with respect to the subject matter hereof. Any prior understandings or agreements of the parties with respect to the subject matter hereof are of no further force and effect except to the extent that they are expressly set forth herein.

12. This Agreement shall be construed in accordance with the laws of the State of New York, without regard to conflict of law principles.

-11-

13. Any dispute arising out of this Agreement shall be decided solely by a Court of competent jurisdiction located within Sullivan County, to which each party and signatory hereby consents to the jurisdiction thereof, sitting without a jury, which each party and signatory hereby voluntarily waives the right to request and/or receive.

14. The parties hereto acknowledge that this Agreement was the product of negotiations between all of the parties and signatories hereto and/or their counsel and that, accordingly, any ambiguity in any term or provision shall not be construed in favor of or against any party or signatory hereto.

15. This Agreement may not be modified, changed, altered, amended, supplemented, waived, terminated, cancelled and/or rescinded, in whole or in part, except by a writing executed by the parties and signatories hereto.

IN WITNESS WHEREOF, the parties and signatories hereto hereby execute this Agreement the day and year first above written.

SHERYL SMUL GRANTOR ANNUITY TRUST

By: _____
    Sheryl Smul, Trustee

CS-GRACES, LLC

By: _____
    Joseph Tso, Member

RH LODGING SERVICES, LLC

By: CS-Graces, LLC, Member

By: _____
    Joseph Tso, Member

-12-

Dec 14 05 04:59p    SICLOFF & SILVER    (2..) 564-3757    p.14

_____
Alan G. Friedberg, Individually

_____
Joseph Tso, Individually

_____
Lana Tso, Individually

D & N MANAGEMENT CORP.

By: _____
    Joseph Tso, President

-13-

Dec 14 05 05:00p                     SILLOFF & SILVER                    (2..) 564-3757                    p.15

## SCHEDULE "A"

## GUARANTY

In order to induce THE FIRST NATIONAL BANK OF JEFFERSONVILLE, (hereinafter "Bank") to extend credit and in its discretion to grant other financial accommodations to JOSEPH TSO, having an address of PO Box 495, Ellenville, New York 12428 (hereinafter "Debtor") and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned (hereinafter "Guarantor") does hereby unconditionally guarantee to Bank, its successors and assigns, the due and punctual payment, performance and discharge of any and all amounts payable to Bank by Debtor in accordance with certain note and mortgage in the principal amount of One Million Three Hundred Thousand Dollars ($1,300,000.00) executed and delivered by Debtor to Bank, and all renewals and extensions thereof (all such debts, obligations and liabilities being hereinafter collectively referred to as the "Indebtedness"). Guarantor further agrees to pay to Bank all expenses (including attorneys' fees) paid or incurred by Bank in endeavoring to collect all or any part of the Indebtedness and in enforcing this Guaranty.

Guarantor does hereby expressly waive: notice of acceptance hereof; notice of the extension of credit from time to time given by Bank to Debtor and the creation, existence or acquisition of any Indebtedness hereby guaranteed; notice of the amount of the Indebtedness of Debtor to Bank from time to time, subject, however, to the right of Guarantor to make inquiry of Bank at any reasonable time to ascertain the amount of the Indebtedness; notice of any adverse change in Debtor's financial condition or of any fact which might increase the risk of Guarantor, including without limitation notice of any adverse change in the condition or value of any collateral securing all or any part of the Indebtedness; notice of presentment for payment, demand, protest and notice thereof as to any instrument; notice of default; notice of nonpayment, partial payment, and protest of any extension of time of payment granted to Debtor; and all other notices and formalities to which Guarantor might otherwise be entitled. Guarantor further waives: the right to trial by jury in any action hereunder; any and all rights by statute or otherwise to require Bank to institute suit against Debtor or to exhaust its rights and remedies against Debtor or others before calling upon Guarantor to satisfy the Indebtedness; any defense arising by reason of any set off, recoupment or counterclaim of Debtor that would reduce the amount of the Indebtedness which Debtor is required to pay to Bank; any duty on the part of Bank to ascertain the nature or extent of any collateral securing all or any portion of the Indebtedness, or any insurance or other rights respecting such collateral; all diligence in the protection or realization upon any collateral securing the Indebtedness.

Guarantor understands and agrees that his liability hereunder shall be primary and immediate, and shall not be contingent upon the exercise of enforcement by Bank of whatever remedies it may have against Debtor or others, or the enforcement of any lien or realization upon any security Bank may at any time possess, and this Guaranty shall continue in full force and effect until revoked in writing by Guarantor, his heirs, executors, administrators, personal representatives, successors and assigns and a copy of such revocation has been duly delivered to Bank by certified or registered mail, but such revocation shall not affect or impair the obligation of Guarantor, his heirs, executors, administrators, personal representatives, successors and assigns with respect to any of the Indebtedness, existing at the time of the receipt by Bank of such revocation, or to arise out of or in connection with any transactions theretofore entered into by Bank, with or for the account of Debtor, or any renewals or extensions of all or any portion of the Indebtedness (whether or not such renewals or extensions are made before or after Bank's receipt of such revocation), or any expenses (including attorneys' fees) paid or incurred by Bank in endeavoring to collect all or any portion of the Indebtedness. If this Guaranty is signed by more than one Guarantor, then any such revocation shall be effective as set forth hereinabove with respect to the Guarantor who gives notice of such revocation and such