Dec 14 05 05:07p                                    (2..) 564-3757        P.3

Nov 17 03 05:39p    WDG Inc.                   212-396-4538        P.1
    11/17/2003 18:39   9146675732              K                   PAGE 06

IN WITNESS WHEREOF, Friedberg, the Trust and Tso have each signed the Agreement as of the date first above written.

ALAN G. FRIEDBERG

SHERYL SMUL GRANTOR ANNUITY TRUST

Sheryl Smul/Trustee

JOSEPH AND LANA TSO

Joseph Tso

Lana Tso

p.2         #734-396-212.              WDG Inc    05:39 03 17 Nov

Dec 14 05 05:43p
DEC-14-2005 15:53          SILVER & SILVER          (212) 564-3757          P.4
                                                     1 845 754 1501   P.25

KOOPERMAN, KOOPERMAN & TSO, P. C.
Counselors at Law
P. O. Box 511
47 North Main Street
Ellenville, New York 12428

Joseph Tso                              Telephone:  (845) 647-4110
                                              Fax:  (845) 647-6232

************************************************************

FACSIMILE TRANSMITTAL COVER SHEET

Date: _Nov. 17, 2003_          Fax No. _(212) 396-4938_
TO: _Alan Friedberg_
FROM: _Joe Tso_
RE: _RH Lodging Scents, LLC, Lease Agreement_

NUMBER OF PAGES INCLUDING THIS PAGE: _____

IF YOU DO NOT RECEIVE ALL MATERIALS SENT,
PLEASE CALL (845) 647-4110

MEMO: _Alan. Lisa + I signed it. Please sign +_
_fax it to Sheryl to sign + give sh. it. so we_
_can quickly have a complete agreed ASAP._
_Call me tomrw if needed._ _Joe_

Original will follow by mail _____✓_____

Original will NOT follow by mail _____✓_____

********* CONFIDENTIALITY NOTE *********

The documents accompanying this telecopy transmission contain
information from Kooperman, Kooperman & Tso, P. C. which is
confidential or privileged. The information is intended to be for
the use of the individual or entity named on this transmission
sheet. If you are not the intended recipient, be aware that any
disclosure, copying, distribution or use of the contents of this
telecopied information is prohibited. If you have received this
telecopy in error, please notify us by telephone immediately so
that we can arrange for the retrieval of the original documents at
no cost to you.

Dec 14 05 05:44p                    STOLOFF & SILVER                    (212) 564-3757          P.5

## SCHEDULE "C"

### GUARANTY

THIS GUARANTY, dated July 16, 2003, by the undersigned (the "Guarantor") in favor of and for the benefit of HUDSON UNITED BANK, a New Jersey state chartered bank (the "Bank").

### RECITALS

WHEREAS, RH Lodging Services, LLC (the "Borrower") and the Bank have entered into a Term Loan Agreement dated the date hereof ( as the same may be amended, modified, supplemented and/or renewed from time to time, the "Loan Agreement"); and

WHEREAS, it is a condition to the making of the Loan under the Loan Agreement that the Guarantor guaranty payment and performance of all Guaranteed Obligations (as hereinafter defined).

NOW, THEREFORE, to induce the Bank to make the Loan under the Loan Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned hereby agrees as follows:

1.      Defined Terms. Capitalized terms used but not defined herein shall have their respective meanings as set forth in the Loan Agreement.

2.      Guaranty. (a) The Guarantor unconditionally and irrevocably guarantees to the Bank the full and punctual payment and performance by the Borrower, when due, whether at the stated due date, by acceleration or otherwise, of all Obligations of the Borrower, howsoever created, arising or evidenced, voluntary or involuntary, whether direct or indirect, absolute or contingent now or hereafter existing or owing to the Bank, (collectively, the "Guaranteed Obligations"). This Guaranty is an absolute, unconditional, continuing guaranty of payment and not of collection of the Guaranteed Obligations and includes Guaranteed Obligations arising from successive transactions which shall either continue such Guaranteed Obligations or from time to time renew such Guaranteed Obligations after the same has been satisfied. This Guaranty is in no way conditioned upon any attempt to collect from the Borrower or upon any other event or contingency, and shall be binding upon and enforceable against the Guarantor without regard to the validity or enforceability of the Loan Agreement, the Notes, the Security Agreement or any other Loan Document or of any term or provision of any thereof. If for any reason the Borrower shall fail or be unable, for any reason whatsoever, duly and punctually to pay any of the Guaranteed Obligations (including, without limitation, interest on the Guaranteed Obligations and other amounts that would become due but for the operation of the automatic stay under Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a), and interest that but for the filing of a petition in bankruptcy with respect to the Borrower or any other obligor in respect of the Guaranteed Obligations would accrue on such obligations.), the Guarantor will forthwith pay the same, in cash, immediately upon demand.

Dec 14 05 05:45p
DEC-14-2005 15:54          SHULFF & SILVER                    (212) 564-3757          p. c

(b)    In the event the Loan Agreement, the Note, any other Loan Document, or any other document or instrument shall be terminated as a result of the rejection thereof by any trustee, receiver or liquidating agent of the Borrower or any of its properties in any bankruptcy, insolvency, reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar proceeding, the Guarantor's obligations hereunder shall continue to the same extent as if such Loan Agreement, Note, other Loan Document, or other document or instrument had not been so rejected.

(c)    Without limiting the generality of any other term or provision of this Guaranty, the Loan Agreement or any of the Loan Documents, the Guarantor shall pay all liabilities, obligations, claims, amounts, costs, expenses (including, without limitation, attorneys' fees and disbursements) and damages incurred in connection with the enforcement of the Obligations of the Borrower under the Loan Agreement or the Note or any other Loan Document, and such liabilities, obligations, claims, amounts, costs, expenses (including, without limitation, attorneys' fees and disbursements) and damages incurred in connection with the enforcement of the obligations of the Guarantor under this Guaranty.

(d)    The Guarantor further agrees that if any payment made by the Borrower or the Guarantor to the Bank on any Obligation is rescinded, recovered from or repaid by the Bank, in whole or in part, in any bankruptcy, insolvency or similar proceeding instituted by or against the Borrower or the Guarantor, this Guaranty shall continue to be fully applicable to such Guaranteed Obligation to the same extent as though the payment so recovered or repaid had never originally been made on such Guaranteed Obligation.

(e)    If any Event of Default shall have occurred, the Bank and each Affiliate of the Bank are each hereby authorized at any time and from time to time, to the fullest extent permitted by law, to set off and apply any and all deposits (general or special, time or demand, provisional or final) at any time held and other Indebtedness at any time owing by the Bank, or such Affiliate of the Bank to or for the credit or the account of the Guarantor against any of and all the obligations of the Guarantor now or hereafter existing under this Guaranty, irrespective of whether or not the Bank shall have made any demand hereunder and although such obligations may be unmatured.  The rights under this paragraph 1(e) are in addition to other rights and remedies (including other rights of set off) which the Bank may have.

(f)    No payment or payments made by the Borrower, any other guarantor, Loan Party or any other Person, or received or collected by the Bank from the Borrower, any other guarantor, Loan Party or any other Person, whether by way of any action, suit or proceeding, or any set-off, appropriation or application, or otherwise, at any time or from time to time, in reduction of or in payment of the Guaranteed Obligations shall be deemed to modify, reduce, release or otherwise affect the liability of the Guarantor hereunder, who shall remain liable for all Guaranteed Obligations from time to time until the Guaranteed Obligations are fully and finally paid and performed and the Loan

-2-