UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GREENSTREET FINANCIAL, L.P., a
Delaware Limited Partnership,

       **Plaintiff,**

 -against-

CS-GRACES, LLC, a New York Limited
Liability Company, and
RH LODGING SERVICES, LLC, a New
York Limited Liability Company,

       **Defendants.**
-----------------------------------------------------------------X
-----------------------------------------------------------------X
CS-GRACES, LLC and
RH LODGING SERVICES, LLC,

       **Third-Party Plaintiffs,**

 -against-

SHERYL SMUL, SHERYL SMUL
GRANTOR ANNUITY TRUST and
ALAN G. FRIEDBERG,

       **Third-Party Defendants.**
-----------------------------------------------------------------X

07 CIV 8005
Judge Sullivan

**THIRD PARTY ANSWER**

  Third-Party Defendants, by their attorneys, Stoloff & Silver, LLP, answering the allegations of the Third-Party Complaint, respectfully show to the Court and allege as follows:

  1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained and set forth in Paragraphs "1," "2", "6", "7", "12", "13", "14", "16", "26" and "27" of the Third-Party Complaint.

2. Deny the allegations contained and set forth in Paragraphs "10", "21", "22", "23", "24", "25", "29", "38", "39", "40", "41", "42", "44", "45", "46", "47", "48", "49" and "50" of the Third-Party Complaint.

3. Deny so much of Paragraph "4" of the Third-Party Complaint which alleges that the Defendant, Sheryl Smul Grantor Annuity Trust was formed in the State of Florida, affirmatively alleges that such Trust was formed in the State of Georgia, and admits the balance of said Paragraph.

4. Deny the allegations contained and set forth in Paragraph "5" of the Third-Party Complaint and affirmatively alleges that the Defendant resides in Rock Hill, New York.

5. Deny the allegations contained and set forth in Paragraph "30" of the Third-Party Complaint, but admits that CS-Graces became a 50% member in RH Lodging.

6. Deny the allegations contained and set forth in Paragraph "31" of the Third-Party Complaint, and respectfully refer the Court to the Agreement between the parties for the full content and legal effect thereof.

7. Deny the allegations contained and set forth in Paragraph "32" of the Third-Party Complaint, and respectfully refer the Court to the Agreement between the parties for the full content and legal effect thereof.

8. Deny the allegations contained and set forth in Paragraph "33" of the Third-Party Complaint, and respectfully refer the Court to the Agreement between the parties for the full content and legal effect thereof.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained and set forth in Paragraph "34" of the Third-Party Complaint and respectfully refer the Court to the Complaint of Greenstreet Financial, L.P. for the full content and legal effect thereof.

10. Make the same denials with respect to the allegations repeated, reiterated and realleged in Paragraph "35" of the Third-Party Complaint as hereinabove set forth.

11. Make the same denials with respect to the allegations repeated, reiterated and realleged in Paragraph "43" of the Third-Party Complaint with the same force and effect as hereinabove set forth.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. That the purported causes of action asserted in the Third-Party Complaint fail to state cognizable claims.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13. That the purported causes of action asserted in the Third-Party Complaint, and/or either of them, are barred by the applicable Statute of Frauds to the extent that any claimed agreement between the parties upon which Third-Party Plaintiffs rely is not contained in the written Agreement between the parties.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14. That Third-Party Plaintiffs and/or either of them had knowledge and/or with the reasonable exercise of due diligence would have obtained knowledge of the security interest of Greenstreet Financial, L.P. in and to the interest of the Sheryl Smul Grantor Annuity Trust in RH Lodging Services, LLC, prior to the time that the Sheryl Smul Grantor Annuity Trust, CS-Graces, LLC and RH Lodging Services, LLC entered into the written Agreement between such parties and, as such, Third-Party Plaintiffs are not entitled to recover against any of the Third-Party Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15. That Third-Party Plaintiffs and/or either of them have waived any claim that Third-Party Defendants breached the Agreement between the parties.

-3-

### *AS AND FOR A FIFTH AFFIRMATIVE DEFENSE*

16. That Third-Party Plaintiffs and/or either of them are estopped from claiming that Third-Party Defendants breached the Agreement between the parties.

### *AS AND FOR A SIXTH AFFIRMATIVE DEFENSE*

17. That Third-Party Plaintiffs and/or either of them have ratified any claimed breach by Third-Party Defendants of the Agreement between the parties.

### *AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE*

18. That Paragraph "11" of the Agreement between the parties provides that "[t]his Agreement contains the entire understanding and agreement of the parties with respect to the subject matter hereof. Any prior understandings or agreements of the parties with respect to the subject matter hereof are of no further force and effect except to the extent that they are expressly set forth herein."

19. That the Agreement does not provide that the transfer by the Smul Trust of its interest in RH Lodging Services, LLC would be free and clear of all liens or encumbrances.

20. That accordingly, Third-Party Plaintiffs may not recover a judgment from Third-Party Defendants as a result of any claim that Third-Party Defendants, or any of them, agreed or represented that the interest of the Smul Trust in RH Lodging Services, LLC would be transferred to CS-Graces, LLC free and clear of any liens or encumbrances.

### *AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE*

21. That any and all actions of Third-Party Defendant Sheryl Smul of which complaint is made were solely in her capacity as Trustee of the Sheryl Smul Grantor Annuity Trust and she is not personally liable for any judgment ultimately recovered by Third-Party Plaintiffs against Third-Party Defendants.

**WHEREFORE**, Third-Party Defendants respectfully pray for a Judgment dismissing the Third-Party Complaint, on the merits and with prejudice, together with the costs and disbursements of this action and such other, further and/or different relief as to this Court may seem just and proper under the circumstances.

**Dated:**   **Monticello, New York**
**December 28, 2007**

YOURS, ETC.

STOLOFF & SILVER, LLP

By: _____
*Gary D. Silver (GS3214)*
*Attorneys for Third Party Defendants*
*26 Hamilton Avenue, P. O. Box 1129*
*Monticello, New York 12701*
*Tel.: (845) 794-4300*
*Fax: (845) 794-1371*
*E-Mail garyd.silver@verizon.net*

TO:   KALTER, KAPLAN, ZEIGER & FORMAN
*Attorneys for Defendants/Third-Party Plaintiffs*
*6166 State Route 42, P. O. Box 30*
*Woodbourne, New York 12788*
*(845) 434-4777*

KILPATRICK & LOCKHART PRESTON
 GAGES ELLIS, LLP
*Attorneys for Plaintiff*
*599 Lexington Avenue*
*New York, New York 10022*
*(212) 536-3900*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GREENSTREET FINANCIAL, L.P., a                          07 CIV 8005
Delaware Limited Partnership,                            Judge Sullivan

                                  **Plaintiff,**

                                                                    ECF STATEMENT

    -against-

CS-GRACES, LLC, a New York Limited
Liability Company, and
RH LODGING SERVICES, LLC, a New
York Limited Liability Company,

                                  **Defendants.**
-----------------------------------------------------------------X
-----------------------------------------------------------------X
CS-GRACES, LLC and
RH LODGING SERVICES, LLC,

                               **Third-Party Plaintiffs,**

    -against-

SHERYL SMUL, SHERYL SMUL
GRANTOR ANNUITY TRUST and
ALAN G. FRIEDBERG,

                               **Third-Party Defendants.**
-----------------------------------------------------------------X

       Third-Party Defendants, by their attorneys Stoloff & Silver, LLP, as and for their explanation as to the late filing of their Third-Party Answer, respectfully show to the Court and allege as follows:

       1. The Third-Party Answer was required to be served and filed on or before Friday, December 28, 2007. On December 28, 2007, the undersigned made numerous attempts throughout the day to file and serve electronically, through the ECF system, the Third-Party Answer. The undersigned called the ECF Help Desk three (3) times during December 28, 2007, the last call being

at approximately 4:50 p.m. The ECF system was not operational during that entire time and, accordingly, I was unable to serve and file the Third-Party Answer by December 28, 2007.

2. Today (Monday, December 31, 2007) was the next business day when the ECF system was operational and the Third-Party Answer is being filed and served accordingly.

3. I respectfully request that the Court accept the Third-Party Answer and deem it timely served and filed.

Dated: Monticello, New York
December 31, 2007

>YOURS, ETC.
>
>STOLOFF & SILVER, LLP
>
>By: _____
>Gary D. Silver (GS3214)
>*Attorneys for Third Party Defendants*
>*26 Hamilton Avenue, P. O. Box 1129*
>*Monticello, New York 12701*
>*Tel.: (845) 794-4300*
>*Fax: (845) 794-1371*
>*E-Mail garyd.silver@verizon.net*

TO:  KALTER, KAPLAN, ZEIGER & FORMAN
*Attorneys for Defendants/Third-Party Plaintiffs*
*6166 State Route 42, P. O. Box 30*
*Woodbourne, New York 12788*
*(845) 434-4777*

KILPATRICK & LOCKHART PRESTON
 GAGES ELLIS, LLP
*Attorneys for Plaintiff*
*599 Lexington Avenue*
*New York, New York 10022*
*(212) 536-3900*