UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREENSTREET FINANCIAL, L.P., A
Delaware Limited Partnership,

       Plaintiff,

 -against-

CS-GRACES, LLC, a New York Limited
Liability Company, RH LODGING
SERVICES, LLC, a New York Limited
Liability Company, and ALAN FRIEDBERG,

       Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
CS-GRACES, LLC and
RH LODGING SERVICES, LLC,

     Third-Party Plaintiffs,

 -against-

SHERYL SMUL, SHERYL SMUL
GRANTOR ANNUITY TRUST and
ALAN G. FRIEDBERG,

     Third-Party Defendants.
------------------------------------------------------------X

07 CIV 8005
Magistrate Fox

ORDER TO SHOW CAUSE FOR
PERMISSION OF STOLOFF &
SILVER, LLP TO WITHDRAW AS
COUNSEL FOR DEFENDANT ALAN
FRIEDBERG and THIRD-PARTY
DEFENDANTS ALAN G. FRIEDBERG,
SHERYL SMUL and SHERYL SMUL
GRANTOR ANNUITY TRUST AND
FOR A TEMPORARY RESTRAINING
ORDER



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/1/08

  Upon the Affidavit of Gary D. Silver, Esq., sworn to the 27th day of March, 2008, together with the Exhibits annexed thereto, and upon all pleadings and proceedings heretofore had herein, it is

  **ORDERED**, that Defendant Alan Friedberg and Third-Party Defendants Alan G. Friedberg, Sheryl Smul and Sheryl Smul Grantor Annuity Trust show cause before the Hon. Kevin Nathaniel Fox, Magistrate Judge, in Courtroom 20A, of the United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on April 11, 2008, at 11 o'clock in the fore noon thereof, or as soon thereafter as the aforementioned parties and/or counsel may be heard, why an Order should not be issued permitting

Stoloff & Silver, LLP to withdraw as counsel of record for Defendant Alan Friedberg and Third-Party Defendants Alan G. Friedberg, Sheryl Smul and Sheryl Smul Grantor Annuity Trust, in that said parties have failed to cooperate with Stoloff & Silver, LLP due to their failure to pay for services under the terms of the written Retainer Agreement by which Stoloff & Silver, LLP was retained by said parties, and it is further

**ORDERED**, that pending the hearing and determination of this Motion and the issuance of an Order thereon, the obligation of Defendant Alan Friedberg to interpose an Answer to the Amended Complaint, the ability of Defendant Alan Friedberg to interpose a Third Party Complaint, if desired, and discovery in this action be, and the same hereby are, enjoined and stayed, and it is further

**ORDERED**, that service of a copy of this Order to Show Cause, together with the papers annexed hereto, by overnight mail to Alan Friedberg at 70 Katrina Falls Road, P. O. Box 1130, Rock Hill, New York 12775, Sheryl Smul at 12351 NW 2nd Street, Plantation, Florida 33325, Sheryl Smul Grantor Annuity Trust at 12351 NW 2nd Street, Plantation, Florida 33325, and by regular mail to counsel for Defendants and Third-Party Plaintiff CS-Graces, LLC and RH Lodging Services, LLC at their respective addresses, on or before April 4, 2008 shall be deemed good and sufficient service thereof, upon which answering papers, if any, shall be served no later than April 8, 2008, any reply shall be served and filed on or before April 10, 2008 (KNF USMJ)

Dated:        New York, New York

ISSUED: _____April 1_____, 2008

_____
**HON. KEVIN NATHANIEL FOX, Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREENSTREET FINANCIAL, L.P., A                    07 CIV 8005
Delaware Limited Partnership,                     Magistrate Fox

                        Plaintiff,

                                                     AFFIDAVIT

     -against-

CS-GRACES, LLC, a New York Limited
Liability Company, RH LODGING
SERVICES, LLC, a New York Limited
Liability Company, and ALAN FRIEDBERG,

                        Defendants.
------------------------------------------------------------------X
------------------------------------------------------------------X
CS-GRACES, LLC and
RH LODGING SERVICES, LLC,

                    Third-Party Plaintiffs,

     -against-

SHERYL SMUL, SHERYL SMUL
GRANTOR ANNUITY TRUST and
ALAN G. FRIEDBERG,

                  Third-Party Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK   )
                             ) ss.:
COUNTY OF SULLIVAN  )

       **Gary D. Silver**, being duly sworn deposes and says:

       1.    I am an attorney at law and am admitted to practice before the Bar of the State of New York in the United States District Court for the Southern District of New York. I am fully familiar with all of the facts and circumstances hereinafter set forth.

       2.    On or about November 28, 2007, the law firm of Stoloff & Silver, LLP was retained by Third-Party Defendants Sheryl Smul, Sheryl Smul Grantor Annuity Trust and Alan G. Friedberg to represent

them in connection with this matter. A true and accurate copy of the Retainer Agreement (which was signed in counterpart by the parties) is annexed hereto as Exhibit "A", the terms of which are incorporated herein by reference.

3. My contact and the person with whom I dealt in this litigation, including the Retainer Agreement, was Alan Friedberg. When we met on November 28, 2007 and he retained me on behalf of all three Third-Party Defendants, I advised him that due to the nature of this proceeding Stoloff & Silver, LLP would require a retainer of $15,000.00, payable at that time. Mr. Friedberg requested that, instead, the sum of $5,000.00 be paid upon the execution of the written Retainer Agreement (which payment was actually sent more than one week later) and that the balance of $10,000.00 would be paid within 30 days of the date of the Retainer Agreement. At that time, your Deponent had a detailed conversation with Mr. Friedberg concerning his obligation to pay the balance of the Retainer timely. I specifically discussed with Mr. Friedberg that I did not want to have to "chase" him for the balance of the Retainer, and he consistently and repeatedly promised me that I would not and that I would timely receive the balance.

4. Based upon the foregoing representations and the written Retainer Agreement, your Deponent undertook such representation and began working on this case, including numerous telephone conversations with Mr. Friedberg, preparation of the Third-Party Answer, communications with opposing counsel, attendance before the Court at the conference conducted on March 5, 2008, and the receipt of documents from the Court through the ECF.

5. Contrary to the terms of the written Retainer Agreement, the balance of the Retainer has not been paid. The additional sum was due by December 28, 2007.

6. The Third-Party Defendants were billed on January 4, 2008, which was charged against the $5,000.00 deposit made by Mr. Friedberg, leaving a balance of the retainer available to the clients at that time of $1,257.50. From approximately that time through and including the second week of March, 2008,

I spoke to Mr. Friedberg many times, and on virtually every occasion I discussed with him payment of the balance of the Retainer. I was continually told that he was "working on it" and that I would receive the money very soon.

7. On February 19, 2008, Stoloff & Silver, LLP issued another bill to the Third-Party Defendants, indicating a balance due Stoloff & Silver (after crediting the balance of the retainer remaining on the January 4, 2008 bill) of $879.26. Despite the issuance of the bill and numerous requests, no payment of same was made.

8. In early March, 2008, I spoke to Mr. Friedberg. At that time, we again discussed that he had not lived up to his promise to pay the balance of the Retainer due and owing. Mr. Friedberg merely stated at that time that he would pay the full amount of the bill which had been rendered, which was only in the amount of $879.26. Of course, this did not fulfill the obligation of the Third-Party Defendants under the Retainer Agreement and was not agreed to by your Deponent.

9. On March 10, 2008, Stoloff & Silver, LLP issued another bill to Third-Party Defendants, demonstrating a balance due (including the balance due on the February 19, 2008 bill, which was unpaid) in the amount of $3,272.51. In connection therewith, your Deponent sent a cover letter again advising Third-Party Defendants that the balance of the retainer had not been paid, despite Mr. Friedberg's representations that it would. The letter continued that although Mr. Friedberg indicated he would at least pay the balance due on the last bill at this time, due to the Scheduling Order of the Court and the fact that substantial legal work would be required in the near future, the agreed balance had to be paid at that time. A true and accurate copy of this March 10, 2008 letter, with the last sentence on the first page redacted (your deponent believes that it could disclose client confidences), is annexed hereto as Exhibit "B".

10. A few days after my March 10, 2008 letter, having not heard from any of the Third-Party Defendants, I called Mr. Friedberg and left a message. When he called me back I again discussed with him

the outstanding balance due and owing and the fact that, at the March 5, 2008 conference before the Court, it was agreed that Plaintiff could serve an Amended Complaint (naming Mr. Friedberg as a Defendant in this action) on or before March 21, 2008, and that thereafter Mr. Friedberg would have until April 2, 2008 to serve an Answer to the Amended Complaint and that discovery would then ensue. I again stated to him that he had to pay the balance of the retainer in order to comply with the written Retainer Agreement and so that the work could be performed and Stoloff & Silver, LLP paid for its work. Mr. Friedberg stated that "some" money would be delivered to my office that day or the next day (he never stated how much), but he did make it clear that it would not be anywhere near the balance of the $10,000.00 due and owing. I advised him that this was unacceptable. Mr. Friedberg then stated that he would substitute Stoloff & Silver, LLP as counsel in this action. I responded that substitution was acceptable and that our file would be turned over to such counsel, so long as my March 10, 2008 bill was paid in full at that time (to which Mr. Friedberg did not respond). I reminded him again that an Answer to the Amended Complaint (which had not yet been served) would have to be prepared and served, by April 2, 2008, such that he should not delay in substituting counsel so that the Answer to the Amended Complaint could be timely served (or if his new counsel required additional time, he could seek to obtain same). The conversation ended at that point and this law firm has not received any additional payment from him or any other Third-Party Defendant to date.

11. Thereafter, I called Mr. Friedberg on numerous occasions attempting to determine the status of the substitution of counsel, including a telephone call to Mr. Friedberg when the Amended Complaint was received, leaving him a message on his voice mail that the Amended Complaint had been received and that he had to immediately effectuate substitution of counsel so as not to prejudice his rights.

12. On March 26, 2008, having not heard from Mr. Friedberg despite many telephone calls and messages to him, I left him a voice mail message, advising that unless he contacted me by the end of the day

to advise as to substitution of counsel I would be forced to move before the Court to withdraw as counsel. I did not receive any response to this telephone call on that date.

13. On March 27, 2008, I was finally able to reach Mr. Friedberg by telephone. During this conversation he requested that I fax to him the Amended Complaint and stated that he would have my firm substituted within 48 hours. I advised him that, based upon the history of this case, the short time left to serve an Answer to the Amended Complaint and his monetary issues (which could effect the retention of new counsel), I would still make this application, but that I would advise the Court immediately if I was substituted and I would then withdraw this Motion. Mr. Friedberg had no objection. Annexed hereto as Exhibit "C" is a true and accurate copy of the fax cover sheet faxing a copy of the Amended Complaint to Mr. Friedberg.

14. By virtue of all of the foregoing, the Third-Party Defendants (and now Defendant Alan Friedberg) have failed to comply with the terms of the November 28, 2007 Retainer Agreement. Further, Mr. Friedberg has specifically advised that Stoloff & Silver, LLP would be substituted out of the case for all of the Third-Party Defendants (and him as a Defendant when he was added by the Amended Complaint).

15. Based upon the foregoing, it is respectfully submitted that Stoloff & Silver, LLP should not, and can not, continue as counsel for Alan Friedberg (as newly added Defendant and as Third-Party Defendant), Sheryl Smul (as Third-Party Defendant) or Sheryl Smul Grantor Annuity Trust (as Third-Party Defendant) in this action. As such, it is respectfully requested that the Court issue an Order permitting Stoloff & Silver, LLP to withdraw as counsel for all of them.

16. It is also respectfully submitted that such Order provide the Third-Party Defendants Alan G. Friedberg (who is now also a Defendant), Sheryl Smul and Sheryl Smul Grantor Annuity Trust with an additional period of time within which to have counsel substituted and serve any other pleadings they so desire.

17.    Stoloff & Silver, LLP has moved by Order to Show Cause, as opposed to a Notice of Motion, in order for the Court to authorize and confirm the method of service upon the Third-Party Defendants (and Defendant Alan Friedberg) and opposing counsel and so that the Court may issue a Temporary Restraining Order staying and enjoining (a) the time by which Defendant Alan Friedberg must interpose an Answer to the Amended Complaint, (b) the time in which Defendant Alan Friedberg can interpose a Third-Party Complaint (if so desired), and (c) discovery, pending the hearing and determination of this application and the issuance of an Order thereon, so that the rights of Third-Party Defendants (and Defendant Alan Friedberg) will not be prejudiced in the interim.

**WHEREFORE**, your Deponent respectfully prays that the Court grant the relief requested in the annexed Order to Show Cause, in its entirety, together with such other, further and/or different relief as to this Court may seem just and proper under the circumstances.

_____
Gary D. Silver

**Sworn to before me this 27th
day of March, 2008.**

_____
**Notary Public**

ROSALIND B. SCHROEDER
Notary Public, State of New York
Qualified in Orange County
# 01SC4929451
Commission Expires May 2, 20__