Michael D. Pinsky, P.C.
Attorney for Alan Friedberg, Sheryl Smul,
and the Sheryl Smul Grantor Annuity Trust
211 Main Street, P.O. Box 148
Goshen, New York 10924-0148
Tel. (845) 294-5123
Mike Pinsky, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GREENSTREET FINANCIAL, L.P., a
Delaware limited partnership,

                Plaintiff,

        -against-                                   1:07-cv-08005 (KNF)

CS-GRACES, LLC, a New York limited
liability company, RH LODGING SERVICES,
LLC, a New York limited liability company,
and ALAN FRIEDBERG,

                Defendants.
----------------------------------------------------------x
CS-GRACES, LLC and RH LODGING
SERVICES, LLC,

                Third-Party Plaintiffs,

        -against-

SHERYL SMUL, SHERYL SMUL
GRANTOR ANNUITY TRUST and
ALAN G. FRIEDBERG,

                Third-Party Defendants.
----------------------------------------------------------x

**MOTION OF SHERYL SMUL AND THE
<u>SHERYL SMUL GRANTOR ANNUITY TRUST FOR SUMMARY JUDGMENT</u>**

TO:    THE HONORABLE KEVIN NATHANIEL FOX
         UNITED STATES MAGISTRATE JUDGE

1. Sheryl Smul and the Sheryl Smul Grantor Annuity Trust, a Florida trust (the "Smul Trust") now move for the entry of an order of summary judgment against CS-Graces, LLC ("CS-Graces") and RH Lodging Services, LLC ("RH Lodging") (collectively the "Third Party Plaintiffs"), dismissing the Third Party Complaint, and for their motion show as follows.

**A.    Introduction.**

2. The Third-Party Plaintiffs assert claims against Sheryl Smul and the Smul Trust for (i) breach of contract, and (ii) fraud. They assert that, in connection with a January 30, 2006 contract for the divestiture of the Smul Trust's 50% membership interest in RH Lodgings and the transfer of that interest to CS-Graces (the "Divestiture Agreement"), the Third Part Defendants failed to transfer that interest free and clear of liens and encumbrances (allegedly in breach of the Divestiture Agreement), failed to disclose the existence of a lien against that interest, and, through third-party defendant Alan G. Friedberg[1] orally misrepresented that no liens existed (the alleged fraud). Since January 5, 2005, the Smul Trust's membership interest in RH Lodging was subject to a duly perfected security interest in Greenstreet Financial, L.P, the Plaintiff in this action.

3. Sheryl Smul and the Smul Trust move for summary judgment on the grounds that (i) based upon the clear and unambiguous language of the Divestiture Agreement, the Third Party Plaintiffs' contract claim fails because the Smul Trust was under no obligation to transfer the membership interest free and clear of liens and encumbrances; and (ii) the Third Party Plaintiffs' fraud claim fails because, as a matter of law, the Third-Party Plaintiffs could not have reasonably relied on any alleged oral representation to the contrary, given that Greenstreet's security interest in the Smul Trust's membership interest was then and remains today a matter of

---

[1] The sole beneficiary of the Smul Trust and one of the managers of RH Lodging.

2

public record in the state where the Smul Trust is located: Florida. The Third Party Plaintiffs were at all relevant times on record notice of Greenstreet's lien.

**B.    The Divestiture Agreement Clearly, Unambiguously And Plainly Neither Requires Nor Suggests That The Smul Trust's Membership Interest Be Transferred Free And Clear Of Liens And Encumbrances, Thereby Requiring That Summary Judgment Be Awarded To Third Party Defendants.**

4.    Within its four corners, the Divestiture Agreement is clear, unambiguous and reasonably susceptible of only one meaning with respect to whether, in connection with the transfer of the Smul Trust's membership interest in RH Lodging to CS-Graces, such transfer was to be free and clear of liens.

5.    The Divestiture Agreement contains no covenant that the Smul Trust's membership interest be transferred free and clear of liens and encumbrances.

6.    The Divestiture Agreement contains no representations by the Smul Trust that its membership interest is free and clear of liens and encumbrances.

7.    The Divestiture Agreement contains no warranty by the Smul Trust to defend CS-Graces' newly acquired interest against the assertion of any liens or encumbrances.

8.    The Divestiture Agreement is a complete, integrated agreement, is not capable of oral modification and has not been modified in writing.

9.    The Third Party Plaintiffs, their managing agent and attorney are sophisticated business people, well versed in transactional law and practice.

10.    The Third Party Plaintiffs were at all relevant times on notice that the Smul Trust was a Florida trust, placing them on inquiry and record notice of Greenstreet's duly recorded Florida UCC-1 Financing Statement covering the Smul Trust's membership interest in RH Lodging.

11. Viewed from the perspective of a reasonably intelligent person familiar with the type of transaction under examination and giving the terms of the Divestiture Agreement their plain and ordinary meanings, there are simply *no* indica within the parties' contract that they intended a transfer free and clear of liens.

12. Summary judgment is therefore appropriate on the Third Party Plaintiffs contract claim.

**C.     The Third Party Plaintiffs Cannot Have Reasonably Relied On Any Alleged Representations By Alan G. Friedberg That The Smul Trust's Membership Interest In RH Lodging Was Free And Clear Of Liens, And Therefore Summary Judgment Is Required On The Third Party Plaintiffs' Fraud Claim.**

13. The Third Party Plaintiffs allege as against Sheryl Smul and the Smul Trust that Mr. Friedberg, while using Sheryl Smul and the Smul Trust as his instruments and acting in concert with them (Third-Party Complaint at ¶¶ 19-25), made unspecified oral representations that the interest of the Smul Trust was being transferred free and clear of liens and encumbrances (Third-Party Complaint at ¶ 44). They allege, on information and belief, that these representations were false, and further allege on information and belief that Sheryl Smul and the Smul Trust knew that these alleged representations made by Friedberg were false (Third-Party Complaint at ¶¶ 46, 47, respectively). The Third Party Plaintiffs further allege that they relied on these unspecified representations by Friedberg and on these allegations charge Sheryl Smul and the Smul Trust with fraud. They do not allege that their reliance was reasonable.

14. Assuming without admitting that these allegations are true, which Sheryl Smul and the Smul Trust vigorously deny, the Third Party Plaintiffs' fraud claims fail because their alleged reliance cannot be considered reasonable. CS-Graces' principal Joseph Tso is a sophisticated transactional lawyer with many years of experience (Affidavit of Alan G.

4

Friedberg, annexed as Exhibit "A", at p. 3, ¶¶ 10-11). Mr. Tso acted both as the principal of CS-Graces and as its attorney in connection with the negotiation for and transfer of the Smul Trust's membership interest in RH Lodging (Affidavit of Alan G. Friedberg, id.). A hypothetical reasonable investor and lawyer in Mr. Tso's position, in a transaction with a face value exceeding $1 million, would not have relied on alleged oral representations regarding the transfer of that interest, given inquiry and record notice of a duly perfected security interest. At all times during the negotiations for, and the closing of, the Divestiture Agreement, the public record reflected Greenstreet's duly perfected security interest, filed January 5, 2005 in the Florida Secured Transaction Registry. A copy of Greenstreet's filed UCC-1 Financing Statement is annexed as Exhibit "B".

15. The Smul Trust's interest in limited liability company RH Lodging Services, LLC is a general intangible and a security interest in general intangibles may only be perfected by filing.

16. The law of the state where the debtor is located governs the perfection rules (and thus the place of filing) for non-possessory security interests in collateral. The Smul Trust, an organization, is located in the State Florida.

17. CS-Graces, having been on inquiry and record notice of Greenstreet's security interest in the Smul Trust's 50% membership interest in RH Lodging Services, LLC, cannot have reasonably relied on alleged oral representations to the contrary. Greenstreet's filing was good notice to the world of its position. In the light of that record notice, CS-Graces' reliance on any alleged oral representations to the contrary is unreasonable as a matter of law.

18. No prior request has been made for the relief requested herein.

19 Sheryl Smul and the Smul Trust have this date filed and submitted their

Memorandum of Law in Support of the Motion of Sheryl Smul and the Sheryl Smul Grantor Annuity Trust for Summary Judgment, the accompanying Affidavit of Alan G. Friedberg in Support of the Motion of Sheryl Smul and the Sheryl Smul Grantor Annuity Trust for Summary Judgment, and the Statement of Material Undisputed Facts by Sheryl Smul and The Sheryl Smul Grantor Annuity Trust, to which the Court is respectfully referred.

WHEREFORE, there being no dispute as to any material fact and your Third Party Defendants being entitled to judgment as a matter of law, Sheryl Smul and the Smul Trust seek the entry of an order (i) granting them judgment and dismissing the Third Party Complaint in its entirety; and (ii) for such other and further relief as is just and proper.

Dated: Goshen, New York
August 11, 2008

/s/ Mike Pinsky, Esq.
Michael D. Pinsky, P.C.
211 Main Street, Box 148
Goshen, New York 10924-0148
Tel. (845) 294-5123
Fax (845) 294-9384
Email mpinsky@frontiernet.net

TO: Ivan Kalter, Esq.
Kalter, Kaplan, Zeiger & Forman
P.O. Box 30
6166 State Route 42
Woodbourne, NY 12788

Robert Bergen, Esq.
Rebecca L. Misner, Esq.
Kilpatrick & Lockhart Preston Gates Ellis, LLP
599 Lexington Avenue
New York, NY 10022