such event, be conducted in accordance with such determination. It is, simply put, an Agreement by the members that in the event that RH Lodging is dead-locked by reason of a members' dead-lock, then Robert Berman shall "break the tie" and his vote shall determine the issue. All proceedings relative to such "dead-lock" and "tie breaking activity" must be in writing, and signatures must be obtained of the members or their representatives and of Robert Berman relative to such activities.

8. With regard to the operation of RH Lodging, member CS Graces shall act through Tso who shall be its representative; the Smul Trust shall act through such person as shall be designated by it; such person has been and may continue to be Friedberg, although the parties understand that a different representative of that member may be designated by it in writing and it shall thereafter act on its behalf; in all cases, Sheryl Smul, the Trustee of the Smul Trust, shall act on behalf of the Trust if she so desires or the Smul Trust may be represented by such person as is designated by her in writing from time to time. It is further understood that Tso may designate a nominee to act on their behalf and on behalf of CS Graces with respect to the management of RH Lodging. All such designations shall be in writing.

9. Distribution of income. RH Lodging is presently operating the Lodge at Rock Hill, and it is intended that it will continue to be operated and to derive income from such operations. It is understood that the first priority with respect to income realized by the operation shall be to pay usual and necessary operating expenses, e.g., payroll and payroll taxes, utilities, maintenance and repairs, and all other normal operating expenses of a motel/hotel operation; in addition, of course, rental payments on equipment leases must be paid as a normal priority operating expense and Ellenville National Bank mortgage payments, principal and interest, as well as real property taxes and other land expenses will also be paid as a priority operating expense.

10. After payment of such operating expenses, the first charge against income, if available, is a 7% return to CS Graces, on its $1,000,000.00 capital investment, payable to it

4

monthly when funds are available and if not paid monthly, accruing and payable to it as the next charge against available funds.

11. After the CS Graces 7% payment to it has been made, and is current, then the Smul Trust shall receive 7% on its $1,000,000.00 capital investment paid to it after the CS Graces payment has been made payable monthly as funds are available. It is understood that before any payment is made to the Smul Trust, the CS Graces payment must be current.

12. Thereafter, any further or additional available income shall be paid equally to the two members, on a concurrent basis.

13. The parties acknowledge that the operation and capital needs of RH Lodging have been accommodated in part through the borrowing from Ellenville National Bank; such funding has, in part, been secured by a mortgage given by Friedberg on his residence in Miami Beach; such mortgage and security is in the sum of $750,000.00. It is understood that Tso will have that mortgage, on Friedberg's home in Miami Beach, satisfied and terminated so that his property is free and clear thereof. Tso will accomplish this and do whatever is necessary (including personally signing on such indebtedness in order to have the home released) on or before February 1, 2002.

14. Should additional capital contributions be required to be made by the members, they will be equally made; should contributions in an unequal amount be made in the future, the capital and ownership of RH Lodging by the members will be adjusted accordingly.

15. Should there be an operational shortfall or emergency capital contribution required in connection with the operation of RH Lodging, same shall be funded by members equally; in the event that a member provides such funding in excess of that provided by the other member, such funding shall be deemed a first priority loan to RH Lodging, which shall bear interest at 8% per annum, and which shall be repaid as a first charge against the company's available funds.

IN WITNESS WHEREOF, the undersigned duly executed this first Amendment to the Limited Liability Operating Agreement of RH Lodging, intending that the Agreement continue in force except as herein amended and modified.

Dated: October    , 2001

SHERYL SMUL GRANTOR ANNUITY TRUST
Dated January 2, 1997

BY: _____
SHERYL SMUL, TRUSTEE

CS GRACES, LLC

BY: _____
JOE TSO, MEMBER

RH LODGING SERVICES, LLC

BY: _____
SHERYL SMUL, Acting for Member

7289.048