was settled and complied with as evidenced by General Release, Release from Mechanic's Lien and Stipulation Discontinuing Action, copies of which are annexed hereto as Schedule "D";

(ii) The Mechanic's Lien filed by Milliken & Company, dated October 31, 2002 in the sum of $23,587.08, and the Stipulation of Settlement reached with Milliken & Company in the action pending in the Supreme Court of the State of New York, County of Sullivan, entitled "Boris Shalman, Inc., Plaintiff, against Sullivan County Industrial Development Agency, et al", bearing Index No. 418-03, including but not limited to the Guaranty of Alan G. Friedberg contained therein, a copy of which Mechanic's Lien is annexed hereto as Schedule "E";

(iii) Any and all obligations and/or liabilities of all parties to and guarantors of the aforementioned loans of the Company, Joseph Tso and/or D & N Management Corp., whichever is applicable, from The First National Bank of Jeffersonville and Hudson United Bank, respectively; with respect to the loan from The First National Bank of Jeffersonville, D & N Management Corp., jointly and severally with the Company, CS-Graces, Joseph Tso and Lana Tso, also defends, holds

-6-

harmless and indemnifies the Smul Trust and Alan G. Friedberg with respect thereto, including, but not limited to, all reasonable attorneys' fees and costs incurred in connection therewith;

(iv) Any and all other obligations and/or liabilities of Alan G. Friedberg and/or the Smul Trust to the Company, CS-Graces, D & N Management Corp., Joseph Tso, Lana Tso, and/or any other third party not specifically referred to hereinabove.

(e) The Company, Joseph Tso, Lana Tso and D & N Management Corp. each severally agree that they will each cooperate with Alan G. Friedberg and/or the Smul Trust, including but not limited to the provision of appropriate financial documentation (including but not limited to financial statements, profit and loss statements and/or tax returns), in the event of any application by Alan G. Friedberg, the Smul Trust and/or any other person or entity for a loan, mortgage and/or credit in connection with which any loans or guaranties of Alan G. Friedberg and/or the Smul Trust and/or the indemnity of Alan G. Friedberg and/or the Smul Trust in connection with any loan or guaranty, are in issue.

(f) The Company hereby grants to Robert A. Berman and/or his assign a right of first refusal, for ten (10) years from the date effective date of this Agreement, to purchase (i) the real property (or any portion

-7-

thereof) beneficially owned by the Company (it is owned by the County of Sullivan Industrial Agency and leased to the Company in connection with a PILOT Agreement) and more commonly described as Town of Thompson tax map parcel nos. 35-1-7.1 and 51-2-12 and (ii) the Company or any interest therein. In the event the Company receives a bona fide offer for the purchase of all or a portion of the aforementioned real property and/or a bonafide offer to purchase the Company or any interest therein, the Company shall provide to Robert A. Berman (and his assign if the Company has received Notice that any such right has been assigned) a copy of all relevant documentation pertaining to such offer (including but not limited to copies of Purchase Offers, Contracts, Letters of Intent, Purchase Agreements, etc.) within ten (10) business days of the Company's receipt of same, in the same manner as Notice is required to be given pursuant to this Agreement, after which Robert A. Berman and his assign (if applicable) shall have forty-five (45) days within which to exercise his right of first refusal and purchase on the same terms as set forth in the offer received by the Company. If the right of first refusal is not exercised within the aforementioned time period, the right of first refusal with respect to such offer shall lapse and be of no further force or effect. If the Company does not close on such offer and thereafter receives another offer, the right of first refusal

-8-

shall continue to exist with respect to any other or new offer. If the right of first refusal is exercised, the closing shall take place within sixty (60) days of the exercise of such right of first refusal. In the event that the consent of the County of Sullivan Industrial Development Agency and/or any other entity is require in order to effectuate the terms and provisions of this paragraph, the parties hereto shall cooperate to obtain same. Robert A. Berman shall have the right to prepare and record with the Sullivan County Clerk, at his sole cost and expense, a Memorandum of this provision of the Agreement as to the right of first refusal, which the parties agree to execute upon request.

4. The parties acknowledge that, due to the fact that the performance of this Agreement will result in a change of control of the Company, the consent of the Sullivan County IDA shall also be required. The parties shall cooperate to obtain the consent of the Sullivan County IDA and the Company, C-S Graces and Tso shall pay all costs and fee associated therewith. In connection therewith, the parties further acknowledge that the Loan Agreement with Hudson United Bank also provides that in the event there is any modification, supplement, etc. to any Sullivan County IDA documents that the consent of Hudson United Bank is also required (see paragraph 5.9 of said Loan Agreement). Further, Paragraph 20 (k) (iii) of each Mortgage with Hudson United Bank appears to provide that said Bank must consent to any transfer of any interest in the Company. All costs and expenses (including but not limited to reasonable attorneys' fees

-9-

and disbursements) incurred in connection with the foregoing shall be borne by the Company, C-S Graces and/or Tso.

5.  At the present time, Alan G. Friedberg and Robert Wong maintain offices at the Lodge, which is the hotel owned and operated by the Company. The parties agree that Alan G. Friedberg and Robert Wong shall continue to be able to maintain offices at the Lodge, at no cost and expense to them, through and including thirty (30) days after the effective date of this Agreement.

6.  On or before or simultaneously with the effective date of this Agreement, the Smul Trust shall execute any and all other documents reasonably required by CS-Graces to effectuate the transfer of the entire Membership Interest of the Smul Trust in and to the Company to CS-Graces.

7.  All of the parties and signatories hereto hereby represent to each other and to the other signatories to this Agreement that the execution and delivery of this Agreement, and any and all other documents executed or to be executed in connection herewith, do not violate any statute or regulation applicable to any of them, are valid, legal, binding and enforceable obligations of each of said parties and will not conflict with or result in any breach in any provisions of, or constitute a default under, any agreement to which any of said entities is a party.

8.  On or before or simultaneously with the effective date of this Agreement, CS-Graces and the Company shall deliver to the Smul Trust and Alan G. Friedberg duly executed resolutions authorizing the execution of this Agreement and affirming the terms and provisions hereof.

-10-