Dec 14 05 05:04p   Shustak & Silver   (212) 564-3757   p.20

manufacture or production, (iii) goods in which the Lodge or the Trust has an interest in mass or a joint or other interest or right of any kind (including, without limitation, goods in which the Lodge or the Trust has an interest or right as consignee), and (iv) goods which are returned to or repossessed by the Lodge or the Trust, and, with respect to all of the foregoing, all additions thereto, substitutions therefor, accessions thereto and products thereof and (collectively, the "Inventory"), all documents and documents of title, whether relating to or covering any of the foregoing, or otherwise;

(c) All accounts, contract rights, chattel paper, instruments, acceptances, notes, drafts, acceptances and other forms of obligations of any kind, now or hereafter existing, whether or not arising out of or in connection with the sale or lease of goods or the rendering of services, including, without limitation, all rents of property of the Lodge or the Trust and fees, charges, accounts, or other payments for the use and occupancy of rooms and other public facilities in the Lodge, all within the meaning of Section 552(b)(2) of the United States Bankruptcy Code (collectively, the "Receivables"), together with all ledger sheets, files, records and documents relating to any of the foregoing, including all computer records, programs, storage media and computer software useful or required in connection therewith, and all rights now or hereafter existing in and to all supporting obligations, security agreements, leases, and other contracts securing or otherwise relating to any Receivables;

(d) All rights under all contracts and agreements to which the Lodge or the Trust is a party, including, without limitation, all contracts and agreements;

(e) All trademarks, trade styles, designs, patents, copyrights, licenses, license agreements, and any applications for patents or trademarks, including, without limitation, in connection with such trademarks, trade styles, designs, patents, copyrights, licenses, licenses agreements, and any applications for patents or trademarks, any and all reissues, divisions, continuations, reexaminations, renewals, derivative works, and extensions thereof (whether in whole or in part), any and all rights corresponding thereto throughout the world, and the good will of the business to which each relates, including, without limitation, filings, applications, registrations and recordings in the United States Patent and Trademark Office or in any similar office or with any other Governmental Authority, together with the goodwill associated therewith (collectively, the "Intellectual Property Collateral");

(f) All motor vehicles and trailers (the "Motor Vehicles");

(g) All deposit accounts;

(h) All general intangibles and payment intangibles, including, without limitation, good will and tax refunds;

(i) All rights and claims in or under any policy of insurance, including, but not limited to, insurance for fire, damage, loss and casualty, whether covering real property or personal property, or tangible or intangible property;

(j) All other personal property of the Lodge or the Trust, including,

Dec 14 05 05:05p                                    (   )  564-3757              p.21

without limitation, all other accounts, goods, documents, instruments, general intangibles, investment property (including, without limitation, all securities, security entitlements, securities accounts, commodity contracts and commodity accounts), letters of credit, letter-of-credit rights, money, deposit accounts and chattel paper; and

(k) All books and records (whether computerized or in any other form or medium), proceeds of any and all of the foregoing Collateral (including, without limitation, proceeds which constitute property of the types described in clauses (a) through (j) of this Section 2 or any other type of property or assets) and, to the extent not otherwise included, all payments under insurance (whether or not the Secured Party is the loss payee or additional insured thereof), or any indemnity, warranty or guaranty, payable by reason of loss or damage to or otherwise with respect to any of the Collateral and products, renewals, replacements, substitutions, additions, accessions, rents, issue, royalties and profits of any and all of the foregoing Collateral, in all cases whether now owned or hereafter acquired or arising.

2. Collateral for Loan. Tio agrees to collateralize the loan with HUB by pledging real property known as Riverside Estates, a 120-acre(±) planned unit development located at Avon Lodge Road, Town of Fallsburg, New York.

3. Interest Payments. Friedberg agrees to pay Tio an amount of interest on the loan equal to 10% per annum minus the interest payable to HUB. Specifically, the interest charged by HUB will be the prime rate plus 1% payable monthly, and Tio shall receive from Friedberg the difference between such interest payment to HUB and 10%, payable monthly.

4. Tio's Right to Perform; Right to Protect Collateral. If Friedberg or the Trust fails to perform any agreement contained herein, Tio may themselves perform or cause performance of such agreement and the expenses incurred in connection therewith shall be payable by Friedberg.

5. Notices. Except as otherwise expressly provided in this Agreement, any notice, request, demand or other communication permitted or required to be given hereunder shall be in writing.

6. Entire Agreement. This Agreement contains the entire agreement with respect to the subject matter hereof and supersedes all prior agreements, written or oral, with respect thereto.

7. GOVERNING LAW; CONSENT TO JURISDICTION; WAIVER OF JURY TRIAL AND CERTAIN OTHER WAIVERS.

(a) THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAW (OTHER THAN SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW). FRIEDBERG AND THE TRUST EACH

HEREBY SUBMITS TO THE JURISDICTION OF ANY COURT OF THE STATE OF NEW YORK SITTING IN NEW YORK COUNTY OR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK FOR THE PURPOSE OF ANY SUIT, ACTION, OR OTHER PROCEEDING ARISING OUT OF THIS AGREEMENT OR ANY OF THE TRANSACTIONS CONTEMPLATED HEREBY, WHICH IS BROUGHT BY OR AGAINST IT, (I) IRREVOCABLY AGREES THAT ALL CLAIMS IN RESPECT OF ANY SUCH SUIT, ACTION OR PROCEEDING MAY BE HEARD AND DETERMINED IN ANY SUCH COURT, (II) TO THE EXTENT THAT IT HAS ACQUIRED, OR HEREAFTER MAY ACQUIRE, ANY IMMUNITY FROM JURISDICTION OF ANY SUCH COURT OR FROM ANY LEGAL PROCESS THEREIN, SUCH IMMUNITY IS HEREBY WAIVED TO THE FULLEST EXTENT PERMITTED BY LAW AND (III) AGREES NOT TO COMMENCE ANY ACTION, SUIT OR PROCEEDING RELATING TO THIS AGREEMENT OR ANY TRANSACTION EXCEPT IN SUCH COURT. THE DEBTOR HEREBY WAIVES, AND EACH AGREES NOT TO ASSERT IN ANY SUCH SUIT, ACTION OR PROCEEDING, IN EACH CASE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY CLAIM THAT (A) IF IS NOT PERSONALLY SUBJECT TO THE JURISDICTION OF ANY SUCH COURT, (B) IT IS IMMUNE FROM ANY LEGAL PROCESS (WHETHER THROUGH SERVICE OR NOTICE, ATTACHMENT PRIOR TO JUDGMENT ATTACHMENT IN AID OF EXECUTION, EXECUTION OR OTHERWISE) WITH RESPECT TO IT OR ITS PROPERTY (AND FURTHER, IRREVOCABLY AGREES THAT SERVICE OF PROCESS AND ALL OTHER LEGAL PROCESS MAY BE DELIVERED IN ACCORDANCE WITH THE PROVISIONS OF THE LOAN AGREEMENT AND THAT SUCH SERVICE SHALL BE SUFFICIENT FOR ALL PURPOSES OF APPLICABLE LAW), OR (C) JURISDICTION OR VENUE FOR ANY SUCH SUIT, ACTION OR PROCEEDING IS IMPROPER OR THAT ANY SUCH SUIT, ACTION OR PROCEEDING IS BROUGHT IN AN INCONVENIENT FORUM.

(b) FRIEDBERG AND THE TRUST EACH HEREBY WAIVES TRIAL BY JURY IN ANY ACTION, SUIT OR PROCEEDING IN CONNECTION WITH THIS AGREEMENT AND ALSO WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY RIGHT TO CLAIM OR RECOVER ANY SPECIAL, EXEMPLARY, PUNITIVE OR CONSEQUENTIAL DAMAGES.

(page intentionally ends here)

Dec 14 05 05:07p                                               (212) 564-3757          p.2

IN WITNESS WHEREOF, Friedberg, the Trust and Tso have each signed the Agreement as of the date first above written.

ALAN G. FRIEDBERG

_/s/ Alan G. Friedberg_

SHERYL SMUL GRANTOR ANNUITY TRUST

_____
Sheryl Smul, Trustee

JOSEPH AND LANA TSO

_/s/ Joe Tso_
Joe Tso

_/s/ Lana Tso_
Lana Tso