Agreement and the other Loan Documents shall have been terminated as acknowledged in writing by the Bank.

3. **Guaranty Continuing, Absolute, Unlimited.** The obligations of the Guarantor hereunder shall be continuing, absolute, unlimited and unconditional, shall not be subject to any counterclaim, set-off, deduction or defense based upon any claim the Guarantor may have against the Bank or the Borrower or any other Person, and shall remain in full force and effect without regard to, and, to the fullest extent permitted by applicable law, shall not be released, discharged or in any way affected by, any circumstance or condition (whether or not the Guarantor shall have any knowledge or notice thereof) whatsoever which might constitute a legal or equitable discharge or defense of a guarantor or surety, including, but not limited to, (a) any express or implied amendment, modification or supplement to the Loan Agreement, any Note, or any other Loan Document or any other agreement referred to in any thereof, or any other instrument applicable to the Borrower or to the Loan, or any part thereof; (b) any failure on the part of the Borrower to perform or comply with the Loan Agreement, any Note or any other Loan Document or any failure of any other Person to perform or comply with any term of the Loan Agreement, any Note, or any other Loan Document or any other agreement as aforesaid; (c) any waiver, consent, change, extension, indulgence or other action or any action or inaction under or in respect of the Loan Agreement, any Note, or any other Loan Document or any other agreement as aforesaid, whether or not the Bank, the Borrower or the Guarantor has notice or knowledge of any of the foregoing; (d) any bankruptcy, insolvency, reorganization, arrangement, readjustment, composition, liquidation or similar proceeding with respect to the Borrower, or its properties or creditors, or any action taken by any trustee or receiver or by any court in any such proceeding; (e) any furnishing or acceptance of additional security or any release of any security; (f) any limitation on the liability or obligations of the Borrower under the Loan Agreement, any Note or any other Loan Document or any termination, cancellation, frustration, invalidity or unenforceability, in whole or in part, of the Loan Agreement, any Note, this Guaranty or any other Loan Document or any term of any thereof; (g) any Lien on or affecting the Guarantor's or the Borrower's assets and properties; (h) any act, omission or breach on the part of the Bank under the Loan Agreement, any Note or any other Loan Document or any other agreement at any time existing between the Bank and the Borrower or any Requirement of Law, or other agreement applicable to the Bank or any Loan; (i) any claim as a result of any other dealings among the Bank, the Guarantor or the Borrower; (j) the assignment of this Guaranty, the Loan Agreement, any Note or any other Loan Document by the Bank to any other Person; or (k) any change in the name of the Bank, the Borrower or any other Person referred to herein.

4. **Waivers.** (a) The Guarantor unconditionally waives, to the fullest extent permitted by applicable law: (i) notice of any of the matters referred to in Section 3 hereof; (ii) all notices which may be required by statute, rule of law or otherwise to preserve any rights against the Guarantor hereunder, including, without limitation, notice of the acceptance of this Guaranty, or the creation, renewal, extension, modification or accrual of the Guaranteed Obligations or notice of any other matters relating thereto, any presentment, demand, notice of dishonor, protest, nonpayment of any damages or other

-2-

amounts payable under the Loan Agreement, any Note or any other Loan Documents; (iii) any requirement for the enforcement, assertion or exercise of any right, remedy, power or privilege under or in respect of the Loan Agreement, any Note or any other Loan Documents, including, without limitation, diligence in collection or protection of or realization upon the Guaranteed Obligations or any part thereof or any collateral thereof; (iv) any requirement of diligence; (v) any requirement to mitigate the damages resulting from a Default or Event of Default under the Loan Agreement, any Note or any other Loan Documents; (vi) the occurrence of every other condition precedent to which the Guarantor or the Borrower may otherwise be entitled; (vii) the right to require the Bank to proceed against the Borrower or any other Person liable on the Guaranteed Obligations, to proceed against or exhaust any security held by the Borrower or any other Person, or to pursue any other remedy in the Bank power whatsoever; and (viii) the right to have the property of the Borrower first applied to the discharge of the Guaranteed Obligations.

(b)   The Bank may, at its election, exercise any right or remedy it may have against the Borrower, without affecting or impairing in any way the liability of the Guarantor hereunder and the Guarantor waives, to the fullest extent permitted by applicable law, any defense arising out of the absence, impairment or loss of any right of reimbursement, contribution or subrogation or any other right or remedy of the Guarantor against the Borrower, whether resulting from such election by the Bank or otherwise. The Guarantor waives any defense arising by reason of any disability or other defense of the Borrower or by reason of the cessation for any cause whatsoever of the liability, either in whole or in part, of the Borrower to the Bank for the Guaranteed Obligations.

(c)   The Guarantor assumes the responsibility for being and keeping informed of the financial condition of the Borrower and of all other circumstances bearing upon the risk of nonpayment of the Guaranteed Obligations and agrees that the Bank shall not have any duty to advise the Guarantor of information regarding any condition or circumstance or any change in such condition or circumstance. Each Guarantor acknowledges that the Bank has not made any representations to the Guarantor concerning the financial condition of the Borrower

5.   **Representations and Covenants of the Guarantor**. The Guarantor hereby represents and warrants that the representations and warranties contained in Article IV of the Loan Agreement, to the extent they relate to the Guarantor, are true and correct as of the date hereof and the Guarantor further agrees that the Bank is entitled to rely on such representations and warranties to the same extent as though the same were set forth in full herein.

6.   **Payments**. Each payment by the Guarantor to the Bank under this Guaranty shall be made in the time, place and manner provided for payments in the Loan Agreement without set-off or counterclaim to the account and/or address at which such payment is required to be paid by the Borrower under the Loan Agreement.

7.   **Parties**. This Guaranty shall inure to the benefit of the Bank and its successors, assigns or transferees, and shall be binding upon the Guarantor and his heirs,

-4-

executors, administrators, legal representatives, successors and assigns; provided, that the Guarantor may not assign this Guaranty, nor delegate any of his duties under this Guaranty without the prior written consent of the Bank, which consent may be withheld in the Bank's sole discretion.

8. Notices. All notices, requests, consents, demands and other communications required or permitted hereunder shall be in writing and shall be deemed to have been given (i) upon receipt when personally delivered or when sent by telegram, telecopy or telex, or (ii) if mailed, on the third day following the day sent by certified or registered mail, return receipt requested, postage prepaid, in each case addressed as follows (or to such other address as may be designated by notice given pursuant to this Section 8):

| | |
|---|---|
| The Guarantor: | Alan G. Friedberg<br>P.O. Box 858<br>283 Rock Hill Drive<br>Rock Hill, New York 12775-6620 |
| With a copy to: | Leonard H. Bloom<br>926 Fifth Avenue<br>New York, NY 10021 |
| The Bank: | Hudson United Bank<br>90 Broad Street<br>New York, New York 10004-2290<br>Attention: Mr. Richard Assaf, Vice President |
| With a copy to: | Jenkens & Gilchrist Parker Chapin LLP<br>The Chrysler Building<br>405 Lexington Avenue,<br>New York, New York 10174<br>Attention: William D. Freedman, Esq. |

Notwithstanding the foregoing, notices to the Bank shall not be effective until received by it.

9. Remedies. The Guarantor stipulates that the remedies at law in respect of any default or threatened default by the Guarantor in the performance of or compliance with any of the terms of this Guaranty are not and will not be adequate, and that any of such terms may be specifically enforced by a decree for specific performance, without the necessity of posting a bond or other form of security, or by an injunction against violation of any such terms or otherwise.

10. Rights to Deal with the Borrower. At any time and from time to time, without terminating, affecting or impairing the validity of this Guaranty or the obligations of the Guarantor hereunder, the Bank may deal with the Borrower in the same manner and as fully as if this Guaranty did not exist and shall be entitled, among other things, to grant the Borrower, without notice or demand and without affecting the Guarantor's liability

-5-

Dec 14 05 05:48p        STULPF & SILVER            (212) 564-3757      p.10
DEC-14-2005  15:55                                 1 845 794 1371   P.31

hereunder, such extension or extensions of time to perform, renew, compromise, accelerate or otherwise change the time for payment of or otherwise change the terms of indebtedness or any part thereof contained in or arising under the Loan Agreement, any Note or any other Loan Documents, or to waive any obligation of the Borrower to perform, any act or acts as the Bank may deem advisable.

11. Subrogation. The Guarantor shall not be entitled to be subrogated to any of the rights of the Bank against the Borrower or any other Person or any collateral security for any of the Guaranteed Obligations, nor shall the Guarantor be entitled to or seek any contribution or reimbursement from the Borrower or any other Person until the full and complete indefeasible payment and performance of all Guaranteed Obligations and the termination of the Loan Agreement and all Loan Documents as acknowledged in writing by the Bank. If any amount shall be paid to the Guarantor on account of any subrogation, contribution and/or reimbursement rights at any time prior to such full and final payment, and termination, such amount shall be held by the Guarantor in trust for the Bank, segregated from the other funds of the Guarantor and shall immediately deliver such amounts, in the exact form received, with any necessary endorsements, if requested by the Bank) to the Bank to be applied to the Guaranteed Obligations in such order and manner as the Bank shall determine. Any claims of the Guarantor against the Borrower arising from payments made or actions taken by such Guarantor pursuant to the provisions of this Guaranty shall be in all respects subordinate to the full and complete indefeasible payment and performance of all amounts, obligations and liabilities, the payment or performance and discharge of which are guaranteed by this Guaranty, and no payment hereunder by a Guarantor shall give rise to any claim of such Guarantor against the Bank. In addition, any and all subrogation, contribution and reimbursement rights of the Guarantor shall be suspended upon the occurrence of the events described in Section 1(d) until the full, complete and indefeasible payment of the Guaranteed Obligations and the termination of the Loan Agreement and all Loan Documents as acknowledged in writing by the Bank.

12. Survival of Representations and Warranties. All representations, warranties, covenants and agreements made herein, including representations and warranties incorporated by reference and/or deemed made herein, shall survive any investigation or inspection made by or on behalf of the Bank and shall continue in full force and effect until all of the obligations of the Guarantor under this Guaranty shall be fully paid and performed in accordance with the terms hereof, and until the full and final payment of the Guaranteed Obligations and the termination of the Loan Agreement and all Loan Documents as acknowledged in writing by the Bank.

13. **GOVERNING LAW; CONSENT TO JURISDICTION; WAIVER OF JURY TRIAL AND CERTAIN OTHER WAIVERS.** (a) THIS GUARANTY SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAW (OTHER THAN SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW). THE GUARANTOR HEREBY SUBMITS TO THE JURISDICTION OF ANY COURT OF THE STATE OF NEW YORK SITTING IN NEW YORK COUNTY