OR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK FOR THE PURPOSE OF ANY SUIT, ACTION, OR OTHER PROCEEDING ARISING OUT OF THIS AGREEMENT OR ANY OF THE TRANSACTIONS CONTEMPLATED HEREBY, WHICH IS BROUGHT BY OR AGAINST HIM, (I) IRREVOCABLY AGREES THAT ALL CLAIMS IN RESPECT OF ANY SUCH SUIT, ACTION OR PROCEEDING MAY BE HEARD AND DETERMINED IN ANY SUCH COURT, (II) TO THE EXTENT THAT HE HAS ACQUIRED, OR HEREAFTER MAY ACQUIRE, ANY IMMUNITY FROM JURISDICTION OF ANY SUCH COURT OR FROM ANY LEGAL PROCESS THEREIN, SUCH IMMUNITY IS HEREBY WAIVED TO THE FULLEST EXTENT PERMITTED BY LAW AND (III) AGREES NOT TO COMMENCE ANY ACTION, SUIT OR PROCEEDING RELATING TO THIS GUARANTY OR ANY TRANSACTION EXCEPT IN SUCH COURT. THE GUARANTOR HEREBY WAIVES, AND AGREES NOT TO ASSERT IN ANY SUCH SUIT, ACTION OR PROCEEDING, IN EACH CASE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY CLAIM THAT (A) HE IS NOT PERSONALLY SUBJECT TO THE JURISDICTION OF ANY SUCH COURT, (B) HE IS IMMUNE FROM ANY LEGAL PROCESS (WHETHER THROUGH SERVICE OR NOTICE, ATTACHMENT PRIOR TO JUDGMENT ATTACHMENT IN AID OF EXECUTION, EXECUTION OR OTHERWISE) WITH RESPECT TO HIM OR HIS PROPERTY (AND FURTHER IRREVOCABLY AGREES THAT SERVICE OF PROCESS AND ALL OTHER LEGAL PROCESS MAY BE DELIVERED IN ACCORDANCE WITH THE PROVISIONS OF SECTION 8 OF THIS GUARANTY AND THAT SUCH SERVICE SHALL BE SUFFICIENT FOR ALL PURPOSES OF APPLICABLE LAW), OR (C) JURISDICTION OR VENUE FOR ANY SUCH SUIT, ACTION OR PROCEEDING IS IMPROPER OR THAT ANY SUCH SUIT, ACTION OR PROCEEDING IS BROUGHT IN AN INCONVENIENT FORUM.

(b)    THE GUARANTOR HEREBY WAIVES TRIAL BY JURY IN ANY ACTION, SUIT OR PROCEEDING IN CONNECTION WITH THIS GUARANTY. THE GUARANTOR ALSO WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY RIGHT TO CLAIM OR RECOVER ANY SPECIAL, EXEMPLARY, PUNITIVE OR CONSEQUENTIAL DAMAGES. THE GUARANTOR ACKNOWLEDGES THAT THE FOREGOING WAIVERS ARE A MATERIAL INDUCEMENT TO THE BANK'S EXECUTION, DELIVERY AND PERFORMANCE OF THE CREDIT AGREEMENT AND THE OTHER LOAN DOCUMENTS AND THAT THE BANK IS RELYING ON THE FOREGOING WAIVERS IN ITS PRESENT AND FUTURE DEALINGS WITH THE BORROWERS, THE GUARANTOR, AND THEIR RESPECTIVE AFFILIATES.

14.    Miscellaneous.    (a) This Guaranty contains the entire agreement with respect to the subject matter hereof and supersedes all prior agreements, written or oral, with respect thereto.

(b)    This Guaranty may be amended, superseded, cancelled, renewed or extended, and the terms hereof may be waived, only by a written instrument signed by the Guarantor and consented to in writing by the Bank, or, in the case of a waiver, only by a

-7-

written instrument signed by the Bank.

(c) No delay on the part of the Bank in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any waiver on the part of the Bank of any such right, power or privilege, or any single or partial exercise of any such right, power or privilege, preclude any further exercise thereof or the exercise of any other such right, power or privilege. The rights and remedies herein provided are cumulative and shall not preclude the Bank from seeking any other remedy available, whether pursuant to applicable law or otherwise.

(d) Every provision of this Guaranty is intended to be severable. If any term or provision of this Guaranty shall be or be held to be invalid, illegal or unenforceable for any reason whatsoever, the validity, legality and enforceability of the remaining provisions hereof or thereof shall not in any way be affected or impaired thereby.

(e) All section titles or captions contained in this Guaranty are for convenience only, shall not be deemed a part of this Guaranty and shall not affect the meaning or interpretation of this Guaranty. All references herein to Sections shall be deemed references to such parts of this Guaranty, unless the context shall otherwise require.

IN WITNESS WHEREOF, the undersigned has signed this Guaranty as of the day and year first above written.

_____
Alan G. Friedberg, Guarantor

-8-

Dec 14 05 05:51p        STULLFF & SILVER        (212) 564-3757        p.13

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK )

On the 16th day of JULY, 2003, before me, the undersigned, a Notary Public in and for said State, personally appeared ALAN G. FRIEDBERG, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her, their capacity(ies), and that his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

                                                                                        Notary Public

HARVEY M. BONEPARTH
Notary Public, State of New York
No. 02BO5078459
Qualified in Westchester County
Commission Expires Sept. 30, 2006

-9-

Dec 14 05 05:51p                    (212) 564-3757           p.14

## SCHEDULE "D"

General Release by Corporation

To all to whom these Presents shall come or may Concern,

Know That BORIS SHALMAN, INC.

A corporation organized under the laws of the State of New York as Releasor, in consideration of the sum of THIRTY-FOUR THOUSAND NINETY-NINE AND 32/100 ($34,099.32) DOLLARS received from R.H. LODGING SERVICES, LLC, ALLEN FRIEDBERG, and PHILIP FRIEDBERG, as Releasees, receipt whereof is hereby acknowledged, releases and discharges R.H. LODGING SERVICES, LLC, ALLEN FRIEDBERG, and PHILIP FRIEDBERG, the Releasee, Releasee's heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Releasee, the Releasor, Releasor's successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Release.

The words "Releasor" and "Releasee" include all releasors and all releasees under this Release.

This release may not be changed orally.

In Witness whereof, the Releasor has caused this Release to be executed by its duly authorized officers and its corporate seal to be hereunto affixed on the 12th day of July, 2005, in presence of

BORIS SHALMAN, INC.

By: _____

State of New York     )
                      ) ss.:
County of Sullivan    )

On July 12, 2005 before me, the undersigned, a Notary Public in and for said State, personally appeared JOHN DOLLAR, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name (s) is/are subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(ies), and that by his signature(s) on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public, State of New York

KAREN SKINNER
Notary Public, State of New York
Sullivan County Clerk #2408
Commission Expires April 21, 2007