Michael D. Pinsky, P.C.
Attorney for Alan Friedberg, Sheryl Smul,
and the Sheryl Smul Grantor Annuity Trust
211 Main Street, P.O. Box 148
Goshen, New York 10924-0148
Tel. (845) 294-5123
Mike Pinsky, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
GREENSTREET FINANCIAL, L.P., a
Delaware limited partnership,

          Plaintiff

      -against-

CS-GRACES, LLC, a New York limited
liability company, RH LODGING SERVICES,
LLC, a New York limited liability company,
and ALAN FRIEDBERG,

          Defendants.
---------------------------------------------------------x
CS GRACES, LLC and RH LODGING
SERVICES, LLC,

          Third-Party Plaintiffs,

      -against-

SHERYL SMUL, SHERYL SMUL
GRANTOR ANNUITY TRUST and
ALAN G. FRIEDBERG,

          Third-Party Defendants.
---------------------------------------------------------x

1:07-cv-08005 (KNF)

**STATEMENT OF MATERIAL UNDISPUTED FACTS BY SHERYL SMUL AND
THE SHERYL SMUL GRANTOR ANNUITY TRUST**

      Sheryl Smul ("Smul") and the Sheryl Smul Grantor Annuity Trust (the "Smul Trust")

(collectively the "Third Party Defendants") have this date moved for summary judgment and, pursuant to Local Civil Rule 56.1, now submit the following statement of material facts as to which Third Party Defendants contend in there is no genuine issue to be tried.

    1.    The Sheryl Smul Grantor Annuity Trust, a Florida trust (the "Smul Trust"), CS-Graces, LLC, a New York Limited Liability Company ("CS-Graces") and RH Lodging Services, LLC, a New York Limited Liability Company ("RH Lodging" or the "Company") entered into an Agreement effective 1/30/2006 (the "Divestiture Agreement"), a copy of which is annexed to the Third Party Complaint herein and the Affidavit of Alan G. Friedberg in Support of the Motion of Sheryl Smul and the Sheryl Smul Grantor Annuity Trust for Summary Judgment (hereinafter "Affidavit of Alan G. Friedberg").

    2.    The Divestiture Agreement provides for, inter alia, the transfer of the Smul Trust's remaining fifty percent (50%) membership interest in RH Lodging to CS-Graces.

    3.    The Divestiture Agreement contains a merger and integration clause, see paragraph 11 thereof.

    4.    The Divestiture Agreement contains a 'no oral modifications' clause, see paragraph 15.

    5.    The Divestiture Agreement provides for construction "in accordance with the laws of the State of New York, without regard to conflict of law principles," see paragraph 12.

    6.    The Divestiture Agreement has not been modified, i.e., there has been no subsequent writing executed by the parties and signatories to the Divestiture Agreement that in any way affects the terms or provisions of the Divestiture Agreement. (Affidavit of Alan Friedberg at p.3.)

    7.    No provision in the Divestiture Agreement contains any representation by the

Smul Trust that its membership interest in RH Lodging has not been pledged or is otherwise free and clear of liens or encumbrances.

8. No provision in the Divestiture Agreement contains a representation by the Smul Trust that the Smul Trust's membership interest in RH Lodging is being transferred to CS-Graces free and clear of liens or encumbrances.

9. No provision in the Divestiture Agreement contains any warranty by the Smul Trust that its membership interest in RH Lodging is free and clear of liens or encumbrances, or that the Smul Trust defend CS-Graces' right, title and interest in and to the membership interest in RH Lodging being transferred against claims of liens and encumbrances.

10. On January 5, 2005, Greenstreet Financial, L.P., as Secured Party, filed a UCC-1 Financing Statement with the Florida Secured Transaction Registry, with respect to the Smul Trust, as its Debtor (the "Greenstreet UCC-1"), annexed to the Memorandum of Law in Support of the Motion of Sheryl Smul and the Sheryl Smul Grantor Annuity Trust for Summary Judgment (hereinafter in Support of the Motion of Sheryl Smul and the Sheryl Smul Grantor Annuity Trust for Summary Judgment (hereinafter the "Memo of Law").

11. Schedule A to the Greenstreet UCC-1 describes the collateral that it covers.

12. Schedule A to the Greenstreet UCC-1 provides in part that "[t]he property covered by the Financing Statement includes . . . (1) (b) Debtor's 50% membership interest in RH Lodging Services, LLC, a New York limited liability company . . ."

13. The Greenstreet UCC-1 remained filed of record, and was not terminated, between January 5, 2005 and January 30, 2006. (*See* pages downloaded from the Florida Secured Transaction Registry and specifically for the Greenstreet UCC-1, dated 7/28/2008 and reflecting the filing date and expiration date for the Greenstreet UCC-1, annexed to Exhibit A to the Memo

of Law.

      14.      The Smul Trust was a Florida Trust, located in the State of Florida, prior to and on the January 30, 2006 effective date of the Divestiture Agreement. (Affidavit of Alan G. Friedberg, (i) Exhibit 1 thereof at p. 1; (ii) Exhibit 2 thereof at p. 1, introductory paragraph; (iii) Agreement annexed as Schedule "B" to Exhibit 2 thereof, introductory paragraph; Greenstreet UCC-1 at face page;

Dated: Goshen, New York
       August 11, 2008

                                    /s/ Mike Pinsky, Esq.
                                    Michael D. Pinsky, P.C.
                                    211 Main Street, Box 148
                                    Goshen, New York 10924-0148
                                    Tel. (845) 294-5123
                                    Fax (845) 294-9384
                                    Email mpinsky@frontiernet.net

TO:    Ivan Kalter, Esq.
        Kalter, Kaplan, Zeiger & Forman
        P.O. Box 30
        6166 State Route 42
        Woodbourne, NY 12788

        Robert Bergen, Esq.
        Rebecca L. Misner, Esq.
        Kilpatrick & Lockhart Preston Gates Ellis, LLP
        599 Lexington Avenue
        New York, NY 10022