Michael D. Pinsky, P.C.
Attorney for Alan Friedberg, Sheryl Smul,
and the Sheryl Smul Grantor Annuity Trust
211 Main Street, P.O. Box 148
Goshen, New York 10924-0148
Tel. (845) 294-5123
Mike Pinsky, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GREENSTREET FINANCIAL, L.P., a
Delaware limited partnership,

                Plaintiff,

            -against-                             1:07-cv-08005 (KNF)

CS-GRACES, LLC, a New York limited
liability company, RH LODGING SERVICES,
LLC, a New York limited liability company,
and ALAN FRIEDBERG,

                Defendants.
-----------------------------------------------------------x
CS-GRACES, LLC and RH LODGING
SERVICES, LLC,

                Third-Party Plaintiffs,

            -against-

SHERYL SMUL, SHERYL SMUL
GRANTOR ANNUITY TRUST and
ALAN G. FRIEDBERG,

                Third-Party Defendants.
-----------------------------------------------------------x

**MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION OF SHERYL SMUL AND THE
<u>SHERYL SMUL GRANTOR ANNUITY TRUST FOR SUMMARY JUDGMENT</u>**

TO:   THE HONORABLE KEVIN NATHANIEL FOX
      UNITED STATES MAGISTRATE JUDGE

1. Sheryl Smul and the Sheryl Smul Grantor Annuity Trust, a Florida trust (the "Smul Trust") have moved for the entry of an order of summary judgment against CS-Graces, LLC ("CS-Graces") and RH Lodging Services, LLC ("RH Lodging") (collectively the "Third Party Plaintiffs") and in support of that motion submit the following argument and citation to authority.

2. The Third-Party Plaintiffs assert claims against Sheryl Smul and the Smul Trust for (i) breach of contract, and (ii) fraud. They assert that, in connection with a January 30, 2006 contract for the divestiture of the Smul Trust's 50% membership interest in RH Lodgings and the transfer of that interest to CS-Graces (the "Divestiture Agreement"), the Third Part Defendants failed to transfer that interest free and clear of liens and encumbrances (allegedly in breach of the Divestiture Agreement), failed to disclose the existence of a lien against that interest, and, through third-party defendant Alan G. Friedberg[1] orally misrepresented that no liens existed (the alleged fraud). Since January 5, 2005, the Smul Trust's membership interest in RH Lodging was subject to a duly perfected security interest in Greenstreet Financial, L.P, the Plaintiff in this action.

3. Sheryl Smul and the Smul Trust move for summary judgment on the grounds that: (i) there was no obligation to transfer the membership interest free and clear of liens and encumbrances; and (ii) the Third-Party Plaintiffs could not have reasonably relied on any alleged oral representation to the contrary because Greenstreet's security interest in the Smul Trust's membership interest was then and remains today a matter of public record in the state where the Smul Trust was created and is located: Florida. The Third Party Plaintiffs were at all relevant

---

[1] The sole beneficiary of the Smul Trust and one of the managers of RH Lodging.

2

times on record notice of Greenstreet's lien.

4. New York law governs the interpretation of the Divestiture Agreement. (The Divestiture Agreement, which appears as Exhibit "A" to the Third Party Complaint herein, is annexed as Exhibit "2" to the Affidavit of Alan G. Friedberg in Support of the Motion of Sheryl Smul and The Sheryl Smul Grantor Annuity Trust for Summary Judgment, submitted herewith.)

5. "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent. . . .The best evidence of what parties to a written agreement intend is what they say in their writing. . . .Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569, 750 N.Y.S.2d 565, 569, 780 N.E.2d 166, 170 (2002).

6. Whether a contract is ambiguous is a matter for the court. *Bailey v. Fish & Neave*, 8 N.Y.3d 523, 528, 837 N.Y.S.2d 600, 868, N.E.2d 956 (2007); *Sayers v. The Rochester Tel. Corp.*, 7 F.3d 1091, 1094 (2d Cir. 1993). No ambiguity exists where the contract is reasonably susceptible of only one meaning. *Greenfield v. Philles Records, Inc.*, *supra*, 98 N.Y.2d at 569-70, 750 N.Y.S.2d at 570, 780 N.E.2d at 171; *The Topps Co., Inc. v. Cadbury Stani S.A.L.C.*, 526 F.3d 63, 68 (2d Cir. 2008); *Sayers v. The Rochester Tel. Corp.*, 7 F.3d at 1095 (viewing the contract from the perspective of a reasonably intelligent person familiar with the type of transaction under examination).

7. Unambiguous contract terms are to be given their plain and ordinary meanings. *Bailey v. Fish & Neave*, *supra*, 8 N.Y.3d at 528; *Greenfield v. Philles Records, Inc.*, *supra*, 98 N.Y.2d at 569, 750 N.Y.S.2d at 569, 780 N.E.2d at 170. A court construing a contract may not re-write it to achieve a particular result. *Vermont Teddy Bear Co. v. 538 Madison Realty Co.*, 1

N.Y.3d 470, 475 (2004); *Greenfield v. Philles Records, Inc.*, *supra*, 98 N.Y.2d at 570, 750 N.Y.S.2d at 570, 780 N.E.2d at 171.

8. The Divestiture Agreement is a complete, integrated expression of the parties' intent. Paragraph 11 thereof provides:

> "This Agreement contains the entire understanding and agreement of the parties with respect to the subject matter hereof. Any prior understandings or agreements of the parties with respect to the subject matter hereof are of no further force or effect except to the extent that they are expressly set forth herein."

9. Paragraph 15 of the Divestiture Agreement prohibits any modifications except those in a writing signed by all parties and signatories. No such signed, written modification exists. (Third Party Defendants' Statement of Material Undisputed Facts at ¶¶ 8-9.)

10. Parol evidence will not be considered on a motion for summary judgment to vary the plain meaning of an unambiguous agreement, especially where the agreement contains 'merger and integration' and 'no oral modification' clauses. *Renaissance Equity Holdings, LLC v. Pace Elevator, Inc.*, 17 Misc.3d 1137(A), 851 N.Y.S.2d 73 (Sup. 2007), *citing W.W.W. Associates, Inc. v. Grancontiere*, 77 N.Y.2d 157 (1990), *Cellular Telephone Co. v. 210 East 86th Street Corp.*, 44 A.D.3d 77, 81 (1st Dept. 2007), and *Weintraub v. Grey Direct, Inc.*, 39 A.D.3d 400 (1st Dept. 2007).

11. Summary judgment is appropriate in a contract case where the agreement is clear and unambiguous and its meaning plain. *The Topps Co., Inc. v. Cadbury Stani S.A.L.C.*, 526 F.3d 63, 68 (2d Cir. 2008); *American Home Assurance Co. v. Hapag Lloyd Container Line, GMBH*, 446 F.3d 313, 316 (2d Cir. 2006); *Sayers v. The Rochester Tel. Corp.*, 7 F.3d 1091, 1094 (2d Cir. 1993).

12. By its execution of the Divestiture Agreement, the Smul Trust transferred all of its

right, title and interest as a 50% member in RH Lodging to CS-Graces. There is no dispute that CS-Graces was conveyed the Smul Trust's interest. There is no covenant, representation or warranty in the Divestiture Agreement, however, requiring that such transfer be free and clear of liens and encumbrances. In the absence of such an obligation, there is no breach[2].

    13.    The Third Party Plaintiffs cannot make out their fraud claim.

> "A plaintiff asserting a claim of fraud under New York law must establish by clear and convincing evidence that (1) the defendant made a material misrepresentation or omission of fact; (2) with knowledge of its falsity; (3) with the intent to defraud the plaintiff; (4) **on which the plaintiff reasonably relied**; and (5) that caused damage to the plaintiff. *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997)." (Emphasis added.)

*The Jordan (Bermuda) Investment Co., LTD. V. Hunter Green Investments LLC*, 2008 U.S. Dist. LEXIS 54504, 00 Civ. 9214 (S.D.N.Y. decided July 16, 2008) (Sweet, J.).

    14.    The Third Party Plaintiffs allege as against Sheryl Smul and the Smul Trust that Mr. Friedberg, while using Sheryl Smul and the Smul Trust as his instruments and acting in concert with them (Third-Party Complaint at ¶¶ 19-25), made unspecified oral representations that the interest of the Smul Trust was being transferred free and clear of liens and encumbrances (Third-Party Complaint at ¶ 44). They allege, on information and belief, that these representations were false, and further allege on information and belief that Sheryl Smul and the Smul Trust knew that these alleged representations made by Friedberg were false (Third-Party Complaint at ¶¶ 46, 47, respectively). The Third Party Plaintiffs further allege that they relied on these unspecified representations by Friedberg and on these allegations charge Sheryl Smul and the Smul Trust with fraud. They do not allege that their reliance was reasonable.

---

[2] And there can be no fraud arising from the import of the Divestiture Agreement. Third Party Complaint at ¶ 45.

15.    Assuming without admitting that these allegations are true, which Sheryl Smul and the Smul Trust vigorously deny, the Third Party Plaintiffs' fraud claims fail because their alleged reliance cannot be considered reasonable. CS-Graces' principal Joseph Tso is a sophisticated transactional lawyer with many years of experience (Affidavit of Alan G. Friedberg at p. 3). Mr. Tso acted both as the principal of CS-Graces and as its attorney in connection with the negotiation for and transfer of the Smul Trust's membership interest in RH Lodging (Affidavit of Alan G. Friedberg at pp. 3-4). A hypothetical reasonable investor and lawyer in Mr. Tso's position, in a transaction with a face value exceeding $1 million, would not have relied on alleged oral representations regarding the transfer of that interest, given record notice of a duly perfected security interest. At all times during the negotiations for, and the closing of, the Divestiture Agreement, the public record reflected Greenstreet's duly perfected security interest, filed January 5, 2005 in the Florida Secured Transaction Registry. A copy of Greenstreet's filed UCC-1 Financing Statement is annexed as Exhibit "A".

16.    The New York Limited Liability Company Law provides, in pertinent part, that if a membership interest does not qualify as a "security" under UCC § 8-103(c), then it is deemed to be a "general intangible asset".[3] The Smul Trust's membership interest in RH Lodging does not qualify as a security under UCC § 8-103(c), and it is therefore a "general intangible asset," a security interest in which may only be perfected under the rules of UCC Article 9, by filing where the debtor is located, which in this case is in Florida.

---

[3] New York Limited Liability Company Law § 603(b) "The operating agreement may provide that a member's interest may be evidenced by a certificate issued by the limited liability company and may also provide for the assignment or transfer of any of the interest represented by such a certificate. <u>A member's interest may be a certificated security or an uncertificated security within the meaning of section 8-102 of the uniform commercial code</u> **if the requirements of section 8-103(c) are met, and if the requirements are not met such interest shall, for purposes of the uniform commercial code, be deemed to be a general intangible asset**. The existence of the restrictions on the sale or transfer of a membership interest, as contained in this chapter and, if applicable, in the operating agreement, shall be noted conspicuously on the face or back of every certificate representing a membership interest issued by a limited liability company. Any sale or transfer in violation of such restrictions shall be void." (Emphasis added.)

17. The Smul Trust's interest in limited liability company RH Lodging Services, LLC is not a "security" under Article 8 of the Uniform Commercial Code, § 8-103(c), as (i) that interest is not dealt in or traded on securities exchanges or in securities markets, and as (ii) the membership certificate does not state that it is a security governed by Article 8. New York Uniform Commercial Code ("NY UCC") § 8-103(c), Laws 1997, chapter 566, § 5, effective Oct. 10, 1997;[4] *see* Florida Statutes, Chapter 678 ("Florida UCC") § 678.1031(3), enacted 1998, s.1, ch. 98-11; Affidavit of Alan G. Friedberg at p. 4, attaching a copy of Smul Trust's membership certificate. Further, the membership certificate is not an investment company security. NY UCC § 8-103(b); Florida UCC § 678.1031(2).[5]

18. Neither is the Smul Trust's interest in limited liability company RH Lodging Services, LLC a "financial asset" and therefore a security under Article 8 of the UCC, as the certificate was not held in a securities account. Affidavit of Alan Friedberg at p. 4).

19. Accordingly, as the membership interest is not a security for purposes of commercial law and as UCC Article 8 does not apply here, the rules set out in UCC Article 9 govern the attachment, perfection, and effect of perfection or non-perfection of security interests in the collateral.

20. Under the 1999 version of UCC Article 9 adopted both by Florida and New York prior to this transaction, an interest in a limited partnership or a limited liability company that is

---

[4] "An interest in a partnership or limited liability company is not a security unless it is dealt in or traded on securities exchanges or in securities markets, its terms expressly provide that it is a security governed by this [Article, NY] [chapter, FL] or it is an investment company security. However, an interest in a partnership or limited liability company is a financial asset if it is held in a securities account."

[5] Both the New York and the Florida enactment are identical. "An "investment company security is a security. "Investment company security" means a share or similar equity interest issued by an entity that is registered as an investment company under the federal investment company laws,, an interest in a unit investment trust that is so registered, or a face-amount certificate issued by a face-amount certificate company that is so registered. Investment company security does not include an insurance policy or endowment policy or annuity contract issued by an insurance company."

7

neither a "security" nor a "financial asset" is a "general intangible,"[6] and a security interest in general intangibles may only be perfected by filing. Florida UCC § 679.3101; NY UCC § 9-310(a); NY Limited Liability Company Law § 603(b);-*see, e.g.,Thomas C. Thompson Sports, Inc. v. Farmers & Merchants Bank of Long Beach*, 172 F.3d 671, 675 (9th Cir. 1999) (share of closely held corporation which is not a "certificated security" under Article 8 is a general intangible under Article 9 and a security interest therein can only be perfected by filing);*( Gray v. Assali (In re McGrath)*, 2008 Bankr. LEXIS 984 (Bankr. E.D. Cal. Decided March 31, 2008) (membership interests in LLC); *Newcombe v. Sundara*, 654 N.E.2d 530, 28 UCC 2d 679 (Ill. 1995) (limited partnership interests); *In re Hartman*, 102 B.R. 90, 93 (Bankr. N.D. Tex. 1989) (50% limited partnership interest); White & Summers, 4 *Uniform Commercial Code*, § 31-10 (5th ed. 2002)[7].

21. The law of the state where the debtor is located governs the perfection rules (and thus the place of filing) for non-possessory security interests in collateral. The Smul Trust, an organization, is located in the State Florida.; Florida UCC § 679.3071(2)(b); NY UCC § 9-307(b)(2).

22. CS-Graces, having been on record notice of Greenstreet's security interest in the Smul Trust's 50% membership interest in RH Lodging Services, LLC, cannot have reasonably relied on alleged oral representations to the contrary. Greenstreet's filing was good notice to the world of its position. In the light of that record notice, CS-Graces' reliance on any alleged oral representations to the contrary is unreasonable as a matter of law.

---

[6] A "[g]eneral intangible" means any personal property, including things in action, other than accounts, chattel paper, commercial tort claims, deposit accounts, documents, goods, instruments, investment property, letter-of-credit rights, letters of credit, money, and oil, gas and other minerals before extraction. The term includes payment intangibles and software." Florida UCC § 679.1021(1)(pp).

[7] The membership interest is not "investment property," and a security interest therein cannot be perfected by possession, because the membership certificate is not a "security". Florida UCC§ 679.1021(1)(ww); NY UCC 9-102(a)(49).

WHEREFORE, there being no dispute as to any material fact and your Third Party Defendants being entitled to judgment as a matter of law, Sheryl Smul and the Smul Trust seek the entry of an order (i) granting them summary judgment, dismissing the Third Party Complaint in its entirety; and (ii) for such other and further relief as is just and proper.

Dated: Goshen, New York
August 11, 2008

/s/ Mike Pinsky, Esq.
Michael D. Pinsky, P.C.
211 Main Street, Box 148
Goshen, New York 10924-0148
Tel. (845) 294-5123
Fax (845) 294-9384
Email mpinsky@frontiernet.net

TO:  Ivan Kalter, Esq.
Kalter, Kaplan, Zeiger & Forman
P.O. Box 30
6166 State Route 42
Woodbourne, NY 12788

Robert Bergen, Esq.
Rebecca L. Misner, Esq.
Kilpatrick & Lockhart Preston Gates Ellis, LLP
599 Lexington Avenue
New York, NY 10022