Michael D. Pinsky, P.C.
Attorney for Alan Friedberg, Sheryl Smul,
and the Sheryl Smul Grantor Annuity Trust
211 Main Street, P.O. Box 148
Goshen, New York 10924-0148
Tel. (845) 294-5123
Mike Pinsky, Esq.
\
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GREENSTREET FINANCIAL, L.P., a
Delaware limited partnership,

                Plaintiff,

      -against-

CS-GRACES, LLC, a New York limited
liability company, RH LODGING SERVICES,
LLC, a New York limited liability company,
and ALAN FRIEDBERG,

                Defendants.
----------------------------------------------------------x
CS GRACES, LLC and RH LODGING
SERVICES, LLC,

                Third-Party Plaintiffs,

      -against-

SHERYL SMUL, SHERYL SMUL
GRANTOR ANNUITY TRUST and
ALAN G. FRIEDBERG,

                Third-Party Defendants.
----------------------------------------------------------x

1:07-cv-08005 (KNF)

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF SHERYL SMUL AND THE SHERYL SMUL GRANTOR ANNUITY TRUST
FOR LEAVE TO IMPLEAD AS FOURTH PARTY DEFENDANTS
<u>STOLOFF & SILVER, LLP AND GARY D. SILVER</u>**

TO:    KENNETH NATHANIEL FOX
         UNITED STATES MAGISTRATE JUDGE

1. Third Party Defendants Sheryl Smul and The Sheryl Smul Grantor Annuity Trust (the "Third Party Defendants") seek leave to implead the law firm of Stoloff & Silver, LLP and a partner in that firm, Mr. Gary D. Silver, Esq. as fourth party defendants herein pursuant to Rule 14(a) of the Federal Rules of Civil Procedure ("F. R. Civ. P.")

2. On a motion made more than 10 days after filing a responsive pleading, upon leave of court, F. R. Civ. P. 14(a) permits impleader of nonparties who "may be liable for all or part of the claim against" a defending party. See generally, 3-14 Moore's Federal Practice - Civil § 14.20-14.22 (Matthew Bender 2008).

3. Stoloff & Silver, LLP and Gary D. Silver may be liable over to Sheryl Smul, as trustee of the Smul Trust, and derivatively to the Smul Trust on her behalf, for legal malpractice in connection with the transaction evidenced by that certain Agreement, dated effective January 30, 2006, by and between the Smul Trust, CS-Graces, LLC ("CS-Graces") and RH Lodging Services, LLC ("RH Lodging") which provides for the divestiture of the Smul Trust's 50% membership interest in RH Lodging and the transfer of that interest to CS-Graces (the "Divestiture Agreement").

4. Stoloff and Silver, LLP and Gary D. Silver represented your Third Party Defendants in connection with the Divestiture Agreement. The Third Party Complaint herein alleges that the Smul Trust and Sheryl Smul as its trustee have breached that agreement.

5. Third Party Defendants have denied and continue to vigorously deny liability to the Third Party Plaintiffs. In the unlikely event that this Court determines that there has been a breach and that Sheryl Smul, as trustee, has personal liability for that breach, however, they are entitled to indemnity from Stoloff & Silver, LLP and Gary D. Silver on Sheryl Smul's behalf for legal malpractice.

6.  New York law provides that a trustee is ordinarily liable on an executory contract, *i.e.*, a contract that "provide[s] that something remains to be done or not to be done by one or both the parties", unless the contract contains language indicating that liability for breach stays with the trust and not the individual trustee(s) who act for it. *East River Sav. Bank v. Samuels*, 284 N.Y. 470, 476-77, 31 N.E.2d 906 (1940) (leading case). However, even if the contract does not expressly limit the trustee's liability, no liability arises where the other contracting parties are on notice of the capacity in which she signs and the terms of the trust document limiting her personal liability for the trust's contracts.

> "In none of the aforesaid instruments was there a specific provision exempting the trustees from personal liability. Nevertheless, the recital in the instruments of the character in which the trustees were acting, as a class and not individually or jointly and severally, their signing and executing as trustees under the trust instrument, the fact that the instruments refer to the trust instrument and the place of its public record, gave notice to the plaintiff of all of the provisions of the trust agreement, the character under which they acted and under which they had authority to act and established the limitation of their liability as individuals. Under those circumstances, the instruments on their face do not create a personal liability. In the light of the circumstances surrounding their execution and delivery, they cannot properly be read in any other way."

*East River Sav. Bank v. Samuels*, 284 N.Y. at 478.

7.  In this case, the document establishing the Smul Trust, entitled "Sheryl Smul Grantor Annuity Trust," dated January 2, 1997, provides that the trustee shall have no personal liability for its investments or business affairs. Article XIV of the trust instrument provides as follows:

Powers of Trustee

> In the execution and management of the Trust herein created, Grantor hereby gives and conveys upon the Trustee the following special additional rights, powers and immunities which shall be exercised in a manner as may be fair and equitable under the circumstances, and consistent with the express intent that my annuity interest in this trust qualify as a Qualified Annuity Interest as provided by applicable law and regulations hereinabove set forth and incorporated.

      A.    To continue to carry on any business which may become a part of the Trust Estate; or become or remain a stockholder of a corporation, or a partnership, general or special, in any such business; to incorporate any such business and hold the stock as an investment, and to employ agents to manage and operate any such business without liability for indebtedness of any such business.

8.    Stoloff & Silver, LLP, and Gary D. Silver, Esq., as the Smul Trust's and its trustee Sheryl Smul's lawyers, had a duty to ascertain the terms of the Smul Trust, and the express limitation on trustee Sheryl Smul's personal liability for Trust investments and activities that the Trust instrument sets forth.

9.    Stoloff & Silver, LLP and Gary D. Silver, as the attorneys for the Smul Trust and for Sheryl Smul, as its trustee, owed a duty of care to both the Smul Trust and to Sheryl Smul to document the Divestiture Agreement transaction so as to preserve for trustee Sheryl Smul the protections against personal liability available to her under the terms of the Sheryl Smul Grantor Annuity Trust and the laws of New York.[1]

10.    If Sheryl Smul, as trustee of the Smul Trust, should be held liable for breach of the Divestiture Agreement, any such liability would not have attached but for Stoloff & Silver, LLP's and Gary D. Silver's legal malpractice in failing to exercise care to appropriately document the Divestiture Agreement transaction so that Sheryl Smul would have no exposure to personal liability in contract to the Third Party Plaintiffs.

11.    New York law permits the assertion of claims over for indemnity against attorneys whose negligence is alleged to have caused their clients' liability to third parties. *North Fork Bank v. Cohen & Krassner*, 44 A.D.3d 375, 843 N.Y.S.2d 575 (1st Dept. 2007); as to agents' or servants' indemnity liability generally, *see* 23 N.Y Jur. 2d *Contribution, Indemnity and Subrogation*, § 91,

---

[1] New York law applies to the construction of the Divestiture Agreement pursuant to the choice of law clause in that document. New York is the state where RH Lodging was formed and New York is the situs of RH Lodging's primary asset—the Lodge at Rock Hill.

*Examples of vicarious or imputed liability supporting claim for indemnity* (2008 Thompson Reuters/West).

12.     No prejudice will result from permitting impleader, and impleader should not delay the trial of this action. In the unlikely event that Sheryl Smul is found personally liable to Third Party Plaintiffs, and any minor delay were to occur, the trial of the fourth party action may proceed separately.

13.     The statute of limitations applicable to this action for professional malpractice is three (3) years. New York CPLR 214. That period will run soon. Judicial efficiency will best be served by permitting that action to be brought here, where the claim that may give rise to the malpractice claim is being asserted.

WHEREFORE, Third Party Defendants Sheryl Smul and the Sheryl Smul Grantor Annuity Trust seek the entry of an order (i) granting leave to implead Stoloff & Silver, LLP and Gary D. Silver, Esq., as fourth party defendants, and (ii) for such other and further relief as is just and proper.

Dated: Goshen, New York
       August 13, 2008

/s/ Mike Pinsky, Esq._____
Michael D. Pinsky, P.C.
Attorney for Sheryl Smul, the Sheryl Smul
Grantor Annuity Trust and Alan G. Friedberg
211 Main Street, Box 148
Goshen, New York 10924-0148
Tel. (845) 294-5123
Fax (845) 294-9384
Email mpinsky@frontiernet.net