UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GREENSTREET FINANCIAL, L.P.,         :
                 Plaintiff,

                 :

         -against-                 **MEMORANDUM AND ORDER**

                 :

CS-GRACES, LLC, et al.,               07 Civ. 8005 (KNF)
                 Defendants.       :

------------------------------------------------------------X

CS-GRACES, LLC, et al.,              :
                 Third-Party Plaintiffs,

                 :

         -against-

                 :

SHERYL SMUL, et al.,
                 Third-Party Defendants.       :

------------------------------------------------------------X

SHERYL SMUL, et al.,                :
                 Fourth-Party Plaintiffs,

                 :

         -against-

                 :

STOLOFF & SILVER, LLP, et al.,
                 Fourth-Party Defendants.     :

------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

       Greenstreet Financial, L.P. ("Greenstreet") commenced this action, against CS-Graces,

LLC ("CS-Graces") and RH Lodging Services, LLC ("RH Lodging") (collectively, "the

defendants"), alleging it was damaged by the Sheryl Smul Grantor Annuity Trust's ("Smul Trust"

or "the Trust") transfer of the Trust's 50% interest in RH Lodging – which had been pledged as security to Greenstreet in exchange for a loan – to CS-Graces.  A Third-Party Complaint was filed in this action by CS-Graces and RH Lodging ("third-party plaintiffs"), against Sheryl Smul ("Smul"), the Smul Trust, and Alan G. Friedberg ("Friedberg") (collectively, "third-party defendants"), asserting claims for, inter alia, breach of contract.  A Fourth-Party complaint was also filed in this action, by Smul and the Trust, against Stoloff & Silver, LLP ("Stoloff") and Gary Silver, Esq. ("Silver") (collectively "fourth-party defendants"), based upon a claim of "legal malpractice."  Before the Court is the fourth-party defendants' motion for summary judgment, made pursuant to Fed. R. Civ. P. 56 "and/or motion to stay or sever" the Fourth-Party complaint.

Smul and the Smul Trust oppose the fourth-party defendants' motion; it is addressed below.

## BACKGROUND

On September 4, 2003, an "Amended and Restated Operating Agreement" ("the ARO Agreement") was entered into by Smul, as trustee of the Smul Trust, and CS Graces, which provided, inter alia, that the Smul Trust and CS Graces each held a 50% interest in RH Lodging. In December 2004, Greenstreet and Friedberg entered into a loan agreement, under which Greenstreet agreed to loan money to Friedberg, and, in exchange, Friedberg executed a Note ("the Note"), in favor of Greenstreet.  Two commercial security agreements were created to secure the loan, one of which was the "Smul Security Agreement," which provided that: (1) Smul and the Smul Trust granted to Greenstreet a security interest in, inter alia, the Smul Trust's 50% interest in RH Lodging ("the Smul Interest"); and (2) upon default by Friedberg, Greenstreet was entitled to foreclose on the Smul Interest.  In October 2005, Friedberg defaulted on the Note.

In January 2006, the Smul Trust entered into a written agreement ("Divestiture

2

Agreement"), by which the Smul Interest was sold to CS-Graces.  According to the Fourth-Party complaint, "Stoloff & Silver, LLP and Gary D. Silver served as the lawyers for the [Smul and the Smul Trust] . . . in connection with the negotiations for and documentation and closing of the [Divestiture Agreement]."  The third-party plaintiffs allege the third-party defendants breached the Divestiture Agreement, by failing to transfer the Smul Interest "free and clear" of any liens and encumbrances.

In the Fourth-Party complaint, Smul and the Smul Trust contend that, "[i]n the unlikely event that the Smul Trust and Sheryl Smul are found liable in contract to [the] Third Party Plaintiffs in this action, . . . Sheryl Smul and the Smul Trust . . . have a right of action . . . for indemnity against their former attorneys, Stoloff & Silver, LLP and Gary D. Silver," because they engaged in legal malpractice.  The relief requested, through the Fourth-Party complaint, is that Stoloff and Silver be found jointly and severally liable "in the amount of any judgment taken against Sheryl Smul in contract by Third Party Plaintiffs CS-Graces, LLC and/or RH Lodging Services, LLC, plus interest thereon and the costs of this action."

For their part, the fourth-party defendants maintain that they did not engage in legal malpractice and are, therefore, entitled to summary judgment.  In the alternative, the fourth-party defendants move, either to stay or to sever the legal malpractice claim, pending resolution of the claims asserted against Smul, including litigation pending in Florida.

## DISCUSSION

*Standard of Review for Summary Judgment*

Summary judgment may be granted in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c); see also D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998), cert. denied, 524 U.S. 911, 118 S. Ct. 2075 (1998). When considering a motion for summary judgment, "[t]he court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." L. B. Foster Co. v. America Piles, Inc., 138 F.3d 81, 87 (2d Cir. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 [1986]). The moving party bears the burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53 (1986).

"A plaintiff must establish the following elements for a claim of legal malpractice under New York State law (1) an attorney-client relationship, (2) attorney negligence (3) that is the proximate cause of a loss, and (4) actual damages." Stonewell Corp. v. Conestoga Title Ins. Co., 678 F. Supp. 2d 203, 208 (S.D.N.Y. 2010). "To succeed on a motion for summary judgment in a legal malpractice action, the defendant must establish that the plaintiff cannot prove at least one of these essential elements." Id. at 209.

In the instant case, "actual damages" have not been determined, since judgment has not been entered against Smul and the Smul Trust in this action, and, according to the fourth-party defendants, litigation is also pending in Florida, that might affect the amount, if any, for which Smul is liable to the plaintiff and/or the third-party plaintiffs. Therefore, to the extent the fourth-party defendants move for summary judgment, their motion must be denied, without prejudice, as premature, since the issue of "actual damages" has not yet been determined. See id. at 214

(finding that adjudication of a legal malpractice claim was "premature" when the plaintiff could not "establish actual damages absent a final judgment or resolution in the still pending controversy"). As a result, the fourth-party defendants' request, that the claims made against them in the Fourth-Party complaint be stayed, pending resolution of the claims against Smul and the Smul Trust, is granted. See id. (noting that "a legal malpractice claim may not be asserted until the matter on which the claim is based has been concluded," and determining that the legal malpractice claim would be tried after a verdict was rendered, if still appropriate). The motion to sever is denied, as moot.

### CONCLUSION

For the reasons set forth above, the fourth-party defendants' motion, Docket Entry No. 82: (1) for summary judgment, is denied, without prejudice, as premature; (2) to stay the claims raised in the Fourth-Party complaint, pending a resolution of the claims against Smul and the Smul Trust, is granted; and (3) to sever the Fourth-Party complaint, is denied, as moot.

Dated: New York, New York                       SO ORDERED:
       August 18, 2010

                                                 *[signature]* KEVIN NATHANIEL FOX
                                                 KEVIN NATHANIEL FOX
                                                 UNITED STATES MAGISTRATE JUDGE

5